| | | |
|---|---|---|
| EUGENE MILFORD, | ) | C.A. No.:  2:16-CV-2441-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEX MIDDLETON; CHARLESTON | ) | |
| COUNTY SCHOOL DISTRICT; SOUTH | ) | |
| CAROLINA DEPARTMENT OF EDUCATION; | ) | |
| KATHERINE MCLEAN RYAN; DRU JAMES; | ) | |
| JIM GRIFFITH; WALKER HEINITSCH | ) | |
| WILLCOX; UNITED STATES ATTORNEY OF | ) | |
| THE DEPARTMENT OF JUSTICE FOR THE | ) | |
| DISTRICT OF SOUTH CAROLINA, TERESA | ) | |
| A. KNOX, FORMER ASSISTANT DISTRICT | ) | REPORT & RECOMMENDATION |
| ATTORNEY FOR THE STATE OF SOUTH | ) | |
| CAROLINA; ALAN WILSON, ATTORNEY | ) | |
| GENERAL FOR THE STATE OF SOUTH | ) | |
| CAROLINA; SOUTH CAROLINA | ) | |
| DEPARTMENT OF REVENUE; SOUTH | ) | |
| CAROLINA BOARD OF EDUCATION; | ) | |
| JAMES TURNER; DR. NANCY MCGINLEY, | ) | |
| SUPERTINTENDENT CCSD; DR. GERRITA | ) | |
| POSTLEWAIT, SUPERTINTENDENT CCSD; | ) | |
| BOBBIE GRANT; BILL BRIGGMAN, CHIEF | ) | |
| HUMAN RESOURCE OFFICER CCSD; C. | ) | |
| AUSTIN HARRIS; HOLLY H. AGUILAR; | ) | |
| NOELLE REDD; PAMELA BROCK; | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, appearing *pro se*, has filed this action alleging causes of action under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, Title IX of the Education Amendments Act of 1972, Americans with Disabilities Act of 1990, 42 U.S.C. § 1983, and possibly other federal statutes. (Dkt. No. 83.)  The Plaintiff is an African American male over 40 years of age. (Dkt. No. 83 at 1.) The Plaintiff's claims are wide ranging.

The Plaintiff's claims relate to his attempts to gain employment as a teacher with the Charleston County School District ("CCSD"). (*Id*.) The Plaintiff makes additional allegations regarding his attempts to receive a teaching certificate, his past criminal proceedings in South Carolina state court, and the collection of his student debt. (*Id*.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The Plaintiff filed his original Complaint on July 6, 2016, and filed his first Amended Complaint on July 27, 2016. (Dkt. Nos. 1 & 8.) The Plaintiff paid the filing fee. (Dkt. No. 5.) The Plaintiff filed a Second Amended Complaint with leave of the court on May 24, 2017. (Dkt. No. 83.) Now before the court are the following four motions to dismiss listed by docket number:

> 87. Motion to Dismiss Plaintiff's Second Amended Complaint by Defendants Alex Middleton and Charleston County School District.

> 91. Motion to Dismiss the Second Amended Complaint on behalf of Alan Wilson, in his individual capacity and official capacity, as the Attorney General of the State of South Carolina, and on Behalf of the South Carolina Department of Education, Dru James, and Jim Griffith.

> 94. Motion to Dismiss Amended Complaint II by the United States Attorney for the District of South Carolina.

> 103. Motion to Dismiss Plaintiff's Second Amended Complaint by Defendants Dr. Nancy McGinley, Dr. Gerrita Postlewait, Bobbie Grant, and Bill Briggman.

### **Standard of Review**

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v.*

*Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts,…unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

A *pro se* complaint is entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, (1980); *Cruz v. Beto*, 405 U.S. 319

(1972). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

1. **Motion to Dismiss Plaintiff's Second Amended Complaint by Defendants Alex Middleton and Charleston County School District (Dkt. No. 87.)**

Defendants Middleton and the Charleston County School District ("CCSD") move to dismiss the Second Amended Complaint based on Rule 8 of the Federal Rules of Civil Procedure, the statutes of limitations on various claims, and failure to state a claim under 42 U.S.C § 1983. (Dkt. No. 87.) The Plaintiff timely responded to the Motion to Dismiss. (Dkt. No. 98.) The Plaintiff does not specify what causes of action he brings against Defendants Middleton and CCSD. The Plaintiff alleges that Defendants Middleton and CCSD deprived him of his constitutional right to equal employment based on his "race, age, and, disability…in violation of the rules and regulations under the Office of Civil Rights, the Equal Opportunity Employment Commission and Section 1983."(Dkt. No. 83 at 17, 19.) Broadly construing the Second Amended Complaint, the Plaintiff is attempting to bring suit under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA") of 1967, the Americans

4

with Disabilities Act of 1990 ("ADA"), Title IX of the Education Amendments Act of 1972, Section 504 of Rehabilitation Act, and 42 U.S.C. § 1983. This court recommends that the Motion to Dismiss Plaintiff's Second Amended Complaint by Defendants Alex Middleton and Charleston County School District (Dkt. No. 87) be granted.

The Plaintiff's claims against Defendant Middleton are brought against him in "his individual capacity as a Human Resources Information Systems Manager (CCSD) and Owner of Content Cradle Digital Marketing."[1] (Dkt. No. 83 at 16.) The Plaintiff alleges that Defendant Middleton deprived him of his "Constitutional Rights to equal employment opportunity as an [sic] teacher in the area of Special Education…based on race, age, and disability." (*Id.* at 17.) The Plaintiff alleges that Defendant Middleton aided and abetted CCSD in doing the same. (*Id.*)

The Plaintiff's claims against CCSD are brought for its "intentional harassment" of the Plaintiff's exercise of his constitutional rights and retaliation for his exercise. (Dkt. No. 83 at 18-19.) The Plaintiff alleges that CCSD deprived him of employment as a special education teacher because of his race, age, and disability. (*Id.* at 19.)

To support his claims, the Plaintiff alleges that he began an online application for a South Carolina Teacher's Certification on March 10, 2013. (Dkt. No. 83 at 19.) The online application was "automatically imported to the CCSD…online application system by the Defendants." (*Id.*) The Plaintiff alleges that on April 8, 2013, he was subjected to a racially-biased and disability-biased pre-employment screen prior to being able to apply for several positions with the CCSD. (*Id.*) On May 9, 2013, the Plaintiff received an email from Defendant Jim Turner stating he was denied a teaching certificate because of his criminal record. (Dkt. No. 83 at 19.) The email

---

[1] Content Cradle Digital Marketing is not a defendant in the action, and the Second Amended Complaint does not make any allegations regarding it.

stated that the Plaintiff could re-apply for a teacher certification in one year. (*Id.*) The Plaintiff alleges that he was "qualified" to pursue a teacher certification when the one year waiting period ended. (*Id.* at 20.)

The Plaintiff alleges that he submitted an online employment application of June 13, 2014, for a teaching position at Harborview Elementary School. (Dkt. No. 83 at 17, 20.) The Plaintiff alleges that the application included a "mandatory online TeacherMatch Educator's Professional Inventory Assessment Test"("EPI"). (*Id.* at 17, 20.) On January 22, 2015, the Plaintiff received an email from Kathleen Magliacane, a human resources representative for the CCSD, thanking the Plaintiff for his application and inviting him to "a Teacher Recruitment Fair focusing on teachers holding certification in the areas of Math, Science, Special Education, Spanish, and Media on Saturday February 28th….." (*Id.*) On February 4, 2015, the Plaintiff received an email from CCSD informing him that he was no longer invited to the teacher recruitment fair because he did not hold a South Carolina teacher certification. (*Id.*) The Plaintiff alleges that a teaching certificate was not required to attend the recruitment fair. (*Id.* at 20.) The Plaintiff alleges the February 4, 2015 email was pretext for not hiring him because of his race, age, and disability. (Dkt. No. 83 at 21.) The Plaintiff alleges that he was more than qualified for a teaching position as he has a "BS in psychology and a Dual MS Degree: MSW in Social Work (AGPP)/MED in Special Education (LD/ED)." (*Id.*) The Plaintiff does not allege that he ever held a South Carolina teacher's certification.

The Plaintiff received an email on January 6, 2016, from the CCSD stating that CCSD "now uses" EPI as part of its application process and that applicants must complete EPI for their applications to be considered. (Dkt. No. 83 at 20.) The Plaintiff notes that, at the time of this

email, he was already required to complete multiple EPI assessments "based on race, age, and disability" that were used "to deprive Plaintiff of his [c]onstitutional rights." (*Id.* at 21.)

The Plaintiff alleges that Defendant Middleton was the contact person listed on the CCSD's website for teacher recruitment. (Dkt. No. 83 at 18.) The Plaintiff alleges that Defendant Middleton's LinkedIn profile stated that "he was employed as the Information Systems Manager in Human Resources for the Charleston County School District from February 2013-September 2016." (*Id.*)

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* A "complaint's factual allegations must allow a 'court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 1162, 194 L. Ed. 2d 176 (2016) (quoting *Iqbal*, 556 U.S. at 678). "The complaint must provide enough specificity to 'give the defendant fair notice of what the plaintiff's claim is.'" *Pringle v. City of Charleston Police Dep't*, No. 2:06-cv-3295-PMD, 2007 WL 295629, at *5 (D.S.C. Jan. 29, 2007) (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, (1993) (internal quotation omitted)).

### a. Title VII Claims

Title VII states that it "shall be an unlawful employment practice for an employer…to fail or refuse to hire…any individual, or otherwise to discriminate against any individual with respect

to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Plaintiff has failed to state a claim under Title VII under Rule 8. Aside from his repeated, conclusory assertion the he was discriminated against because of his race, the Plaintiff has not alleged any discriminatory acts related to his race. According to the Plaintiff's own allegations, he was told he could not attend a teacher recruitment fair because he did not have a teacher certification. (Dkt. No. 83 at 20.) The Plaintiff argues that this was "pretext" to discriminate against him because of his race, age, and disability, yet the Plaintiff does not allege any discriminatory acts. (*Id.* at 21.) Additionally, the Plaintiff himself alleges that the recruitment fair focused "on teachers holding certification in areas of Math, Science, Special Education, Spanish, and Media…." (*Id.* at 20.) The Plaintiff does not contend he has ever held a South Carolina teacher's certification. This court concludes that the Plaintiff has failed to allege that the CCSD discriminated against him because of his race under Title VII and recommends that the Plaintiff's Title VII claims against the CCSD be dismissed.

To the extent that the Plaintiff is attempting to bring a Title VII claim against Defendant Middleton, his claim fails as a matter of law. The Fourth Circuit has held that individuals cannot be held liable under Title VII. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (holding "supervisors are not liable in their individual capacities for Title VII violations"); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (holding Title VII "do[es] not provide for causes of action against defendants in their individual capacities"); *Alford v. Wang, Inc.*, 11 F. Supp. 3d 584, 591 (D.S.C. 2014) ("In *Lissau,* the Fourth Circuit clearly rejected the notion of individual liability under Title VII."). Therefore, this court recommends that any Title VII claims against Defendant Middleton be dismissed.

**b. ADEA Claims**

The ADEA states that "[i]t shall be unlawful for an employer…to fail or refuse to hire …any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623. The Plaintiff has failed to state a claim for age discrimination. Similarly to the Plaintiff's allegations under Title VII, the Plaintiff alleges that being disinvited to the recruitment fair was "pretext" for age discrimination. However, the Plaintiff has failed to point to any acts by the CCSD that show age discrimination. Aside from his repeated, conclusory assertion the he was discriminated against because of his age, the Plaintiff has not alleged any discriminatory acts related to his age. This court concludes that the Plaintiff has not alleged any facts upon which relief could be granted under the ADEA and recommends that the Defendants Middleton and CCSD's Motion to Dismiss be granted as to the ADEA.

To the extent that the Plaintiff is attempting to bring an ADEA claim against Defendant Middleton, his claim fails as a matter of law. The Fourth Circuit has held that individuals cannot be held liable under the ADEA. *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994), *cert. denied*, 513 U.S. 1058 (1994) (holding that "the ADEA limits civil liability to the employer" and that an employee who made human resources decisions was "not a proper defendant in this case"); *Scott v. Maryland State Dep't of Labor*, 673 F. App'x 299, 307 (4th Cir. 2016), *petition for cert. filed*, No. 16-1546 (U.S. June 23, 2017). (reaffirming the holding in *Birbeck*). Therefore, this court recommends that any ADEA claims against Defendant Middleton be dismissed.

### c. ADA Claims

The ADA states that no employer "shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."[2] 42 U.S.C § 12112(a). To establish a claim under the ADA, a Plaintiff "must show that she [or he] (1) has a disability; (2) is otherwise qualified for the employment; and (3) was excluded from that employment due to discrimination solely on the basis of her [or his] disability. *Reyazuddin v. Montgomery Cty., Maryland*, 789 F.3d 407, 418 (4th Cir. 2015) (citing *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264–65 (4th Cir.1995)). "[I]n order to come within the ADA's protected class, a plaintiff must first show that [he or] she is disabled within the meaning of the Act." *Pollard v. High's of Baltimore*, 281 F.3d 462, 467 (4th Cir.2002). The "threadbare recital of an element" under the ADA "is insufficient to state a claim*." Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 622 (D. Md. 2014).

The Plaintiff has failed to state a claim under the ADA against Defendants CCSD and Middleton.[3] The Second Amended Complaint does not contain sufficient allegations that the

---

[2] The Fourth Circuit has held that only Title I of the ADA applies to employment cases. *Reyazuddin v. Montgomery Cty., Maryland*, 789 F.3d 407, 421 (4th Cir. 2015) (holding that the ADA's "prohibitions on discrimination against individuals with disabilities" is divided "into three parts, each with its own heading: Title I for employment, Title II for public services, and Title III for public accommodations" and that "Title II unambiguously does not provide a vehicle for public employment discrimination claims.").

[3] To the extent the Plaintiff is attempting to bring a claim under section 504 of the Rehabilitation Act, the Plaintiff has failed to state a claim as well. Section 504 provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). "The ADA and Rehabilitation Act generally are construed to impose the same requirements due to the similarity of the language of the two acts." *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468–69 (4th Cir. 1999) (citing *Rogers v. Department of Health, Envtl. Control,* 174 F.3d 431, 433–34

Plaintiff is disabled under the ADA. (Dkt. No. 83.)  The Plaintiff alleged that he has "a legally challenged and established medical record of an on the job permanent disability since August 8, 2002." (*Id.* at 1-2.)  The Plaintiff stated that he was retaliated against by the CCSD because of his "NYS Workers' Compensation disability claim against the New York City Department Health and Mental Hygiene" among other reasons. (*Id*. at 21.)  Throughout the Second Amended Complaint, the Plaintiff stated that he was disabled. However, the Plaintiff **never** alleged what his disability was.  The Second Amended Complaint does not give the Defendants notice as to what disability entitled the Plaintiff to relief under the ADA.

The Second Amended Complaint does not contain sufficient allegations that the Plaintiff was qualified for employment.  The Plaintiff alleges that he was uninvited to "a Teacher Recruitment Fair focusing on teachers holding certification in the areas of Math, Science, Special Education, Spanish, and Media," yet the Plaintiff himself alleges that he did not have a such a certification. (Dkt. No. 83 at 17, 20, 23.)  South Carolina law requires that "[e]ach individual employed in an instructional, classroom teaching position or who serves in a position designed for the support of the instructional program in a public school of this state must hold an appropriate South Carolina teaching credential."  S.C. Code  Regs. 43-50. The Second Amended Complaint specifically alleges that the Plaintiff did not have a teaching credential. (Dkt. No. 83 at 23.)  This court concludes that the Plaintiff has not met the minimal pleading requirements to

---

(4th Cir.1999) (noting that it is appropriate to refer to constructions of the Rehabilitation Act in determining the meaning of an ADA provision)). "Congress has directed courts 'to construe the ADA to grant at least as much protection as provided by the regulations implementing the Rehabilitation Act.'" *Id.* (quoting *Bragdon v. Abbott,* 524 U.S. 624 (1998).  For the same reasons that the Plaintiff has failed to state a claim under Title I of the ADA, the Plaintiff has failed to state a claim under § 504 of the Rehabilitation Act.

state a claim under the ADA and recommends that ADA claims against Defendants CCSD and Middleton be dismissed.

To the extent the Plaintiff is attempting to bring an ADA claim against Defendant Middleton, his claim fails as a matter of law. The Fourth Circuit has held that individuals who do not qualify as "employers" may not be held liable under the ADA. *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999); *Jones v. Sternheimer*, 387 Fed.Appx. 366, 368 (4th Cir. 2010) (holding the ADA does "not provide for causes of action against defendants in their individual capacities"). Therefore, this court recommends that any ADA claims against Defendant Middleton be dismissed.

### d. Administrative Exhaustion

Even if the Plaintiff had pleaded facts to establish a claim under Title VII, the ADEA, and the ADA, the Plaintiff failed to exhaust his administrative remedies.[4] Before a plaintiff has standing to file suit under Title VII, the ADEA, and the ADA, he must exhaust his administrative remedies by filing a charge with the EEOC.[5] *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). The Fourth Circuit has characterized the exhaustion of administrative remedies in Title VII claims to be a jurisdictional requirement and subject to dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Agolli v. Office Depot, Inc.*, 548 F. App'x 871, 875 (4th Cir. 2013), *cert. denied*, 134 S. Ct. 1920 (2014) (citing *Balas v. Huntington Ingalls*

---

[4]To the extent the Plaintiff is attempting to bring a claim under section 504 of Rehabilitation Act, "[c]ourts have uniformly held that non-federal employees need not exhaust administrative remedies before bringing a private action under Section 504 of the Rehabilitation Act." *Lucas v. Henrico Cty. Sch. Bd.*, 822 F. Supp. 2d 589, 603 (E.D. Va. 2011) (collecting cases).

[5] The exhaustion requirement with the EEOC extends to claims made under Title VII, the ADEA, and the ADA. *Merritt v. P. Kaufmann, Inc.,* No. 3:12-cv-1795-JFA, 2013 WL 1110816, at *1 (D.S.C. Mar. 18, 2013) (citing 42 U.S.C. § 2000e–5(f)(1) (Title VII); 42 U.S.C. § 12117(a)(ADA); 29 U.S.C. § 626(d) (ADEA)).

*Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013)). "If an individual fails to file an administrative charge with the EEOC within one hundred eighty (180) days after an alleged discriminatory act occurs (or three hundred (300) days if the aggrieved person presented the claim to a state deferral agency), then the EEOC charge is not considered timely filed." *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 417 (4th Cir. 2014) (citing 42 U.S.C. § 2000e–5(e)(1); *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 110 (1988)). In South Carolina, the state deferral agency is the South Carolina Human Affairs Commission ("SCHAC").

Filing a charge with the EEOC serves the functions of notifying the alleged offending party of the claims and allowing that party to voluntarily comply with Title VII in the proceeding before the EEOC. *Balas*, 711 F.3d at 407. The EEOC charge "serves a vital function in the process of remedying an unlawful employment practice." *Id.* The EEOC charge limits the scope of any subsequent Title VII lawsuit to only the allegations contained in the charge. *Id.* (citing *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir.1996)). EEOC charges must be read by courts with the "utmost liberality." *Id.* at 408 (internal citations and quotations omitted.) However, courts "are not at liberty to read into administrative charges allegations they do not contain." *Id.* "If the plaintiff's Title VII claims exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Id.* at 407 (internal citations and quotations omitted).

The Plaintiff has filed two EEOC Charges naming CCSD as the employer. The Plaintiff filed an EEOC Charge on March 30, 2016, ("March 2016 Charge") naming "South Carolina

Dept of Education Charleston County School Di" [sic] as the employer.[6] (Dkt. No. 8-1 at 11.)

The Plaintiff's most recent EEOC Charge was filed December 5, 2016, listing the Charleston

County School District as the employer ("December 2016 Charge"). (Dkt. No. 83-1 at 3.)

On the March 2016 Charge, the Plaintiff indicated he was discriminated against based on

his race, age, disability, and in retaliation for exercising his rights. (Dkt. No. 8-1 at 11.) The

Plaintiff made the following allegations as part of the March 2016 Charge:

> I.      On June 13, 2014, I applied for the position of Special Education Teacher
> with the above-mentioned employer. I have been denied my teaching certification.
> On February 4, 2015, I was denied the opportunity to participate in the CCSD
> recruitment fair. On May 14, 2015, a civil complaint was filed against me for a
> 1999 Direct Loan.
>
> II.     After I appealed my certification decision on May 8, 2013, I received a
> letter stating that I was being denied due to my criminal record.
>
> III.    I believe I have been discriminated and retaliated against due to my
> disability, in violation of the Americans with Disabilities Act of 1990, as
> amended. I believe I have been discriminated and retaliated against because of my
> age, 55, in violation of the Age Discrimination in Employment Act of 1967, as
> amended. I believe I have been discriminated and retaliated against because of my
> race, African American, in violation of Title VII of the Civil Rights Act of 1964,
> as amended in reference to denial of certification.

(Dkt. No. 8-1 at 11.) The EEOC closed the Plaintiff's file on the March 2016 Charge because it

was not timely filed with the EEOC. (Dkt. No. 8-1 at 1.)

The March 2016 Charge was filed on March 30, 2016. (Dkt. No. 8-1 at 11.) June 4,

2015 was 300 days before March 30, 2016. The allegations contained in the March 2016 Charge

all happened prior to June 4, 2015. Therefore, the Plaintiff did not exhaust his administrative

---

[6] The Plaintiff argues that he filed the March 2016 Charge on February 2, 2016. (Dkt. No. 98 at
9.) The cited record for this filing is an unsigned EEOC intake questionnaire. (Dkt. No. 83-1 at
91-103.) Regardless of which date is used as the filing date, the Charge was untimely.

remedies under Title VII, the ADEA, and the ADA as to any allegations contained in the March 2016 Charge.

The Plaintiff filed the December Charge on December 5, 2016.  (Dkt. No. 83-1 at 109.) February 9, 2016, predates December 5 by 300 days.  The Plaintiff filed a lengthy narrative along with his December 5, 2016 Charge. (Dkt. No. 83-1 at 111-116.)  The Plaintiff stated that his "best recollection [was] that the alleged discriminatory acts occurred on date(s): 1. May 8, 2013 2. June 13, 2014 3. February 4, 2015 4. May 15, 2015." (*Id.* at 112.) The Plaintiff does not allege any acts at all taken by Defendants Middleton or CCSD within the 300 days leading up to December 5, 2016.  Therefore, this court concludes that, even assuming the Plaintiff had pleaded sufficient facts to establish claims under Title VII, the ADEA, and the ADA, he failed to exhaust these claims against the CCSD and recommends that these claims be dismissed with prejudice.

### e.  Title IX

Title IX provides in part, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…." 20 U.S.C. § 1681(a).  Title IX includes an "implied private right of action," which "extends to employment discrimination on the basis of gender by educational institutions receiving federal funds." *Preston v. Com. of Va. ex rel. New River Cmty. Coll.*, 31 F.3d 203, 206 (4th Cir. 1994) (citations omitted).  "Courts look to case law interpreting Title VII for guidance in evaluating claims brought under Title IX." *Jones-Davidson v. Prince George's Cty. Cmty. Coll.*, No. 13-cv-02284-AW, 2013 WL 5964463, at *3 (D. Md. Nov. 7, 2013) (citing *Jennings v. Univ. of N.C.*, 482 F.3d 686, 695 (4th Cir.2007); *Preston v. Com. of Va. ex rel. New River Cmty. Coll*, 31 F.3d 203, 206-

07 (4th Cir. 1994); *Doe v. Bd. of Educ. of Prince George's Cnty.*, 888 F.Supp.2d 659, 665-68 (D.Md.2012).

The Plaintiff has failed to state a claim under Title IX in his Second Amended Complaint against Defendants CCSD or Middleton.  By its explicit terms, Title IX only applies to sex discrimination. 20 U.S.C. § 1681.  The Plaintiff never alleges that Defendants CCSD or Middleton discriminated against him because of his sex.  The Plaintiff **only** alleges discrimination based on his "race, age, and disability disparities." (Dkt. No. 83 at 16-22.)  The Second Amended Complaint is completely devoid of any allegations against Defendants CCSD or Middleton relating to sex discrimination.  Therefore, this court recommends that, to the extent the Plaintiff is attempting to bring a cause of action under Title IX against Defendants CCSD or Middleton, the Motion to Dismiss be granted.

### f.   Section 1983

 In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).  In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

School districts in South Carolina are not persons within the meaning of § 1983. *Stewart v. Laurens Cty. Sch. Dist. No. 55*, No. 6:92-cv-1603-3, 1992 WL 12014673, at *7 (D.S.C. Oct. 2, 1992) ("The School District, the School Superintendent and the Trustees in their official

capacities are a state governmental entity and state officials and are not "persons" for purposes of § 1983 and cannot be sued for monetary damages in this court.") To the extent the Plaintiff is attempting to sue the CCSD under § 1983, this court concludes that his suit is not cognizable.

The Plaintiff fails to state a claim against Defendant Middleton under § 1983. The Plaintiff does not allege that Defendant Middleton committed any conduct that deprived the Plaintiff of "a right, privilege or immunity secured by the Constitution or laws of the United States." The Second Amended Complaint contains scant allegations against Defendant Middleton. (Dkt. No. 83-1 at 16-18.) The Plaintiff alleges that Defendant Middleton was "the Information Systems Manager in Human Resources" for the CCSD and was the person listed on the CCSD website to contact regarding teacher recruitment. (*Id.*) The Plaintiff alleges that Defendant Middleton "maliciously and intentionally deprived the Plaintiff of his Constitutional Rights to Employment Opportunities as a Teacher in Special Education by robotically removing the Plaintiff's name from the 2015 CCSD Teacher Recruitment Fair based on race, age, and disability disparities." (Dkt. No. 83 at 18.) The Plaintiff fails to allege how not being allowed to attend a recruitment fair for teachers infringed on his constitutional rights. The Plaintiff does not make any allegations outside his own opinion that he was not allowed to attend the fair based on his race, age, or disability. To the contrary, the Plaintiff alleges that he did not have a teaching certificate as required by South Carolina law. The Plaintiff alleges that the recruitment fair was for teachers and focused "on teachers holding certification in the areas of Math, Science, Special Education, Spanish, and Media…." (Dkt. No. 83 at 17.) The Plaintiff could not legally teach in South Carolina at the time he was not allowed to attend the recruitment fair. This court concludes that the Plaintiff has failed to state a claim under § 1983 against Defendant Middleton.

This court recommends that the Motion to Dismiss Plaintiff's Second Amended Complaint by

Defendants Alex Middleton and Charleston County School District (Dkt. No. 87) be granted.

**2. Motion to Dismiss the Second Amended Complaint on behalf of Alan Wilson, in his individual capacity and official capacity, as the Attorney General of the State of South Carolina, and on Behalf of the South Carolina Department of Education, Dru James, and Jim Griffith (Dkt. No. 91.)**

Defendants Wilson, James, Griffith, and the South Carolina Department of Education

("SCDOE") move to dismiss the Second Amended Complaint based on 1) Plaintiff's claims

pursuant to 42 U.S.C. § 1983 are barred by the applicable statute of limitations; 2) Plaintiff's

claims pursuant to the Rehabilitation Act are barred by the applicable statute of limitations; 3)

Plaintiff's claims pursuant to 42 U.S.C. § 1983 are barred by the doctrines of sovereign

immunity and Eleventh Amendment immunity; 4) Plaintiff's ADA and ADEA claims are barred

by the doctrines of sovereign immunity and Eleventh Amendment immunity; 5) Plaintiff's Title

VII, ADEA, and ADA claims were not timely filed with the EEOC and are barred; 6) Plaintiff

failed to exhaust his administrative remedies regarding claims asserted pursuant to Title VII, the

ADA and the ADEA; and 7) Plaintiff has not pled facts sufficient to bring a claim. (Dkt. No. 91.)

The Plaintiff timely responded to the Motion to Dismiss. (Dkt. No. 102.)

As to the SCDOE, the Plaintiff alleges that he was harassed and retaliated against by the

SCDOE based on his participation in "protected activities" by exercising his rights to equal

opportunity employment and "due process." (Dkt. No. 83 at 22.) The Plaintiff alleges that

SCDOE deprived him of his right to equal employment opportunity based on his race, age, and

disability and that the SCDOE aided the CCSD in doing the same. (*Id.*)

The Plaintiff alleges that he was fingerprinted by the FBI on November 11, 2012, for the

SCDOE. (Dkt. No. 83 at 22.)  The Plaintiff alleges that he received an email on January 25,

2013, from Jim Turner stating that the "Certification Review Committee" could not grant the Plaintiff a teaching certificate because of his arrest record and that he would have to appear before the state board of education. (*Id.* at 22-23.) In March and April of 2013, the Plaintiff applied for several jobs as a teacher with various local school boards in South Carolina. (*Id.* at 23.) On May 8, 2013, the Plaintiff appeared before the South Carolina Board of Education ("BOE") regarding his teaching certification. (*Id.*) The Plaintiff alleges that Defendant James, a white female, made a motion to deny his application, which was seconded by Defendant Griffith, a white male. (*Id.*) The motion carried. (*Id.*) The Plaintiff alleges that Defendants James and Griffith used their authority on the school board to deprive the Plaintiff of his constitutional rights by denying him a teaching certificate. (*Id.* at 26-29.) The Plaintiff alleges that the BOE did not question him about his criminal record, which included a "coerced guilty plea" in 1990 and an "*Alford* Plea to a misdemeanor…nearly 10 years ago in…Maryland." (*Id.* at 23.) The following day, the Plaintiff received an email from Jim Turner stating he was denied based on his criminal record but that he could reappear before the BOE after one year. (*Id.*)

The Plaintiff alleges that the emails sent by Turner were "pretext to conceal the real crime of deprivation of equal employment opportunity based on race, age, and disability disparities due to pre-employment medical examinations by the Charleston County School District, Dru James, and Jim Griffith." (Dkt. No. 83 at 24.) The Plaintiff alleges that he applied for a teaching position on December 5, 2012, for which he was more than qualified. (*Id.*) The Plaintiff alleges that he has "a BS in Psychology and a Dual MS Degree: MSW in Social Work (AGPP)/MED in Special Education (LD/ED)." (*Id.*) The Plaintiff alleges he was deprived of a teaching certificate by the SCDOE on May 8, 2013, based on his age, race, "workers'

compensation disability," and "ongoing quest for Post-Conviction Relief (PCR) due to a 1990 induced/coerced guilty plea agreement." (*Id.*)

As to the Plaintiff's allegations against Defendant Wilson, the Plaintiff's allegations relate to his application of post-conviction relief ("PCR"). (Dkt. No. 83 at 33-35.) The Plaintiff makes the same allegations against Wilson that he makes against the other Defendants, alleging that Wilson deprived him of his constitutional rights to equal employment because of his race, age, and disability. (*Id.* at 34.) The Plaintiff alleges that he filed his PCR application on January 10, 1992. (*Id.*) The Plaintiff was on parole in New York on February 16, 1993. (*Id.*) The Plaintiff alleges that Judge M. Duane Shuler and "State Assistant District Attorney" Teresa A. Knox "sent the Affidavit of Service" to MacDougall Youth Correctional Institution on April 28, 1993. (*Id.*) The Plaintiff filed a second PCR application on July 26, 1993. (*Id.*) The Plaintiff alleges he was deprived of due process by Judge Thomas W. Cooper, Jr., and Teresa A. Knox when Knox "falsely claimed under oath on October 19, 2003, that the Plaintiff was in a New York State Prison at the time" of his PCR hearing in South Carolina. (*Id.*) The Plaintiff alleges that he was attending Bank Street Graduate College in October of 2003. (Dkt. No. 83 at 35.)

Broadly construing the Second Amended Complaint, the Plaintiff is attempting to bring suit under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA") of 1967, the Americans with Disabilities Act of 1990 ("ADA"), section 504 of Rehabilitation Act, and 42 U.S.C. § 1983.[7] This court recommends that the Motion to Dismiss the Second Amended Complaint on behalf of Alan Wilson, in his individual capacity and official

---

[7] To the extent the Plaintiff is attempting to bring claims under Title IX of the Education Amendments Act of 1972, the Plaintiff does not allege any discrimination based on sex and, therefore, Title IX does not apply. *See* 20 U.S.C. § 1681(a).

capacity, as the Attorney General of the State of South Carolina, and on Behalf of the South Carolina Department of Education, Dru James, and Jim Griffith (Dkt. No. 91.) be granted.

### a. Title VII, ADEA, and ADA Claims

As to Defendants James, Griffith, and Wilson, the Plaintiff's Title VII, ADEA, and ADA claims are barred. As discussed *supra*, claims under Title VII, ADEA, and ADA may not be brought against an individual unless the individual is an employer. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (holding "supervisors are not liable in their individual capacities for Title VII violations"); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (holding Title VII and the ADA "do not provide for causes of action against defendants in their individual capacities"); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471 (4th Cir. 1999) (holding "ADA does not recognize a cause of action for discrimination by private individuals"); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994), *cert. denied*, 513 U.S. 1058 (1994) (holding that "the ADEA limits civil liability to the employer"). The Plaintiff does not allege that Defendants James, Griffith, or Wilson were ever his employer.[8] Therefore, this court recommends that Plaintiff's Title VII, ADEA, and ADA claims as to these Defendants be dismissed.

As to the SCDOE, the Plaintiff failed to timely file a Charge of Discrimination with the EEOC. As discussed *supra*, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before he has standing to file suit under Title VII, the ADEA, and the ADA. *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002); *Merritt v. P. Kaufmann, Inc.,* No. 3:12-cv-1795-JFA, 2013 WL 1110816, at *1 (D.S.C. Mar. 18, 2013). "If an

---

[8] To the extent the Plaintiff attempts to bring Title VII, ADEA, and ADA claims against Defendant Wilson in his official capacity, the Plaintiff does not allege he was ever employed by Defendant Wilson or the Office of the Attorney General.

individual fails to file an administrative charge with the EEOC within one hundred eighty (180) days after an alleged discriminatory act occurs (or three hundred (300) days if the aggrieved person presented the claim to a state deferral agency), then the EEOC charge is not considered timely filed." *Hentosh v. Old Dominion Univ.,* 767 F.3d 413, 417 (4th Cir. 2014) (citing 42 U.S.C. § 2000e–5(e)(1); *EEOC v. Commercial Office Products Co.,* 486 U.S. 107, 110 (1988)).

Read through the most liberal lens, the Second Amended Complaint alleges that SCDOE took actions through Turner, James, and Griffith from January 25, 2013 through May 9, 2013. (Dkt. No. 83 at 22-23, 26-29.) The Plaintiff does not make any allegations against the SCDOE occurring after May 9, 2013. (*Id.*) The Plaintiff filed two EEOC charges in this case, only one of which named the SCDOE. (Dkt. Nos. 8-1 at 11 & 83-1 at 3.) The Plaintiff named the SCDOE in the March 2016 Charge, which he filed on March 30, 2016. (Dkt. No. 8-1 at 11.) The March 2016 Charge was well beyond the 300 day time limit which started May 9, 2013. The March 2016 Charge was not timely. Therefore, this court recommends that the Plaintiff's claims against the SCDOE under Title VII, the ADEA, and the ADA be dismissed because the Plaintiff failed to timely file a charge with the EEOC.[9]

### b. Section 1983

As to Defendants James, Griffith, and Wilson in his individual capacity, the Plaintiff's claims brought under 42 U.S.C. § 1983 are outside the statute of limitations. The Supreme Court has held that "where state law provides multiple statutes of limitations for personal injury

---

[9] To the extent the Plaintiff seeks monetary damages against the SCDOE under the ADEA and ADA, this court additionally concludes that the Plaintiff's claims are barred by the Eleventh Amendment. *Ramos v. Berkeley Cty.*, No. 2:11-cv-3379-SB, 2012 WL 5292895, at *5 (D.S.C. Oct. 25, 2012) (holding that "the Supreme Court has held that the Eleventh Amendment and state sovereign immunity bars private money damages actions under the ADA Title I and the ADEA").

actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure,* 488 U.S. 235, 249 (1989). In the case at bar, the three year statute of limitations for personal injury actions as stated in S.C. Code § 15-3-530(5) applies to the Plaintiff's §1983 claims. After determining the applicable statute of limitations period, the court will then "[determine] when the plaintiff's cause of action accrued." *Brock v. Shearer,* No.: 3:10–2821–MGL, 2013 WL 671709, at *4 (D.S.C. Feb. 22, 2013) (citing *Nat'l Advertising Co. v. City of Raleigh,* 947 F.2d 1158, 1162 (4th Cir.1991)). "Determining the date upon which a § 1983 claim accrues is a matter of federal law." *Brock v. Shearer,* No. 3:10-cv-2821-MGL, 2013 WL 671709, at *4 (D.S.C. Feb. 22, 2013) (citing *Albright v. Oliver,* 510 U.S. 266 (1994)). The Fourth Circuit has held that a cause of action under § 1983 accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (citing *Nat'l Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir.1991)).

"[A] federal cause of action accrues upon inquiry notice." *Nasim v. Warden, Md. House of Corr.,* 64 F.3d 951, 955 (4th Cir.1995). Courts have recognized that a plaintiff is put on inquiry notice for the purposes of a § 1983 claim when "he is put on notice—e.g., by the knowledge of the fact of injury and who caused it—to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." *Brock,* 2013 WL 671709, at *5 (citing *Nasim.,* 64 F.3d 951, at 5); *see also United States v. Kubrick,* 444, U.S. 111 (1979)(holding that the plaintiff's negligence claim accrued upon knowledge of his injury and its probable cause, and not upon knowledge that the injury could give rise to a claim against the defendant.)

The last alleged allegations against Defendants James and Griffith occurred on May 8, 2013. (Dkt. No. 83 at 26-29.) On that day, the Plaintiff alleges that Defendant James moved at a BOE meeting to deny the Plaintiff a teaching certification and that Defendant Griffith seconded

the motion. (*Id.*)  The Plaintiff filed this case on July 6, 2016. (Dkt. No. 1.)  This was more than three years after the last alleged actions by Defendants James and Griffith.  Therefore, this court concludes that the Plaintiff's § 1983 claims against Defendants James and Griffith are barred by the statute of limitations.[10]

As to the Plaintiff's claims against Defendant Wilson in his individual capacity, the Plaintiff has not made any allegations that Defendant Wilson was ever personally involved with any of the Plaintiff's claims. The Plaintiff never names Defendant Wilson in the factual allegations against him. (Dkt. No. 83 at 33-35.)  The most recent allegation made against Defendant Wilson regarded Teresa A. Knox, "an Assistant District Attorney for the State of South Carolina," and allegedly occurred on October 19, 2003. (*Id.*)  The court takes judicial notice that Defendant Wilson was first elected as South Carolina Attorney General on November 2, 2010. *Full Biography of Alan Wilson*, <http://www.scag.gov/about-us/full-biography> (last visited November 29, 2017). The Plaintiff filed this case on July 6, 2016. (Dkt. No. 1.)  Whatever claim the Plaintiff attempts to make against Defendant Wilson in his individual capacity is barred by the statute of limitations.

To the extent the Plaintiff is suing Defendant Wilson in his official capacity under 42 U.S.C. § 1983, the Plaintiff's claims are barred by the Eleventh Amendment to the extent he seeks monetary damages and are barred by the statute of limitations. The Eleventh Amendment provides: "the judicial power of the United States shall not be construed to extend to any suit in

---

[10] The Plaintiff concedes that a three year statute of limitations applies to this § 1983 claims. (Dkt. No. 102 at 2, 21-22.)  The Plaintiff argues that the statute of limitations should be tolled because of a filing he made in another case, *United States v. Eugene Milford,* No. 2:15-cv-2009-RMG.  The Plaintiff filed an answer in that case on June 15, 2015. The court has reviewed this filing and finds no grounds to toll the statute of limitations.  Defendants James and Griffith were not parties to the other case, which was a debt collection action on the Plaintiff's federal student loans.

law or equity, commenced or prosecuted against one of the United States by citizens of another State or by citizens or subjects of any foreign state." In enacting 42 U.S.C. § 1983, Congress did not intend to override the doctrine of States' sovereign immunity found in the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989). As the Supreme Court stated in *Will*,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Will*, 491 U.S. at 66 (citation omitted). Although state officials "literally are persons," "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," which is "no different from a suit against the State itself." *Id.* at 71. Therefore, the Plaintiff's § 1983 claim against Defendant Wilson in his official capacity seeking monetary damages is barred by the Eleventh Amendment.

The Plaintiff seeks injunctive relief that could broadly be construed to be against Defendant Wilson in his official capacity as attorney general. The Plaintiff seeks have his plea agreement and criminal conviction from February 5, 1990 vacated. (Dkt. No. 83 at 60.) As noted above, the Plaintiff's § 1983 claims are subject to a three year statute of limitations. Reading the Second Amended Complaint in the light most favorable to the Plaintiff, the Plaintiff was told through an email that his criminal record prevented him from obtaining a teacher certification on May 9, 2013. (Dkt. No. 83 at 23.) At that time, the Plaintiff had reason to inquire as to his criminal record. Additionally, the Plaintiff does not deny that he entered a guilty plea on February 5, 1990, which he argues was coerced. (*Id.* at 34.) The Plaintiff did not file suit within

three years of May 9, 2013. Therefore, the Plaintiff's § 1983 claims against Defendant Wilson in his official capacity are barred by the statute of limitations.

To the extent that the Plaintiff brings a claim against the SCDOE under 42 U.S.C. § 1983, his claims are barred by the Eleventh Amendment and the statute of limitations. As stated above, the Eleventh Amendment bars suits against a state for monetary damages. The SCDOE is a department of the state and protected by sovereign immunity. The Plaintiff seeks to have this court order the SCDOE to grant the Plaintiff a teaching certificate. (Dkt. No. 83 at 60.) To the extent this relief is sought under 42 U.S.C. § 1983, the claim in untimely. As discussed *supra*, a three year statute of limitations applies to the Plaintiff's § 1983 claims. Read through the most liberal lens, the Second Amended Complaint alleges that SCDOE took actions through Turner, James, and Griffith from January 25, 2013 through May 9, 2013. (Dkt. No. 83 at 22-23, 26-29.) The Plaintiff did not file this case within three years of May 9, 2013. Therefore, this court recommends that the Plaintiff's 42 U.S.C. § 1983 claims against Defendants James, Griffith, Wilson, and the SCDOE be dismissed.

### c. Rehabilitation Act Claims

The Plaintiff's claims under the Rehabilitation Act of 1973 as to Defendants James, Griffith, Wilson, and the SCDOE are barred by the statute of limitations. While the Rehabilitation Act does not contain a statute of limitations, "[t]he Fourth Circuit has held that claims brought under Section 504 of the Rehabilitation Act are governed by the limitations periods set forth in state laws prohibiting discrimination on the basis of disability." *Cockrell v. Lexington Cty. Sch. Dist. One*, No. 3:11-cv-2042-CMC, 2011 WL 5554811, at *11 (D.S.C. Nov. 15, 2011) (citing *Wolsky v. Med. Coll. of Hampton Roads*, 1 F.3d 222, 225 (4th Cir.1993)). District Courts in South Carolina have held that the one

year statute of limitation found in the South Carolina Human Affairs Law, S.C.Code § 1-13-90(d)-(f), was applicable to the Rehabilitation Act. *See Cockrell v. Lexington Cty. Sch. Dist. One*, No. 3:11-cv-2042-CMC, 2011 WL 5554811, at *11 (D.S.C. Nov. 15, 2011); *Finch v. McCormick Corr. Inst.*, No. 4:11-cv-0858-JMC-TER, 2012 WL 2871665, at *2 (D.S.C. June 15, 2012), *report and recommendation adopted,* No. 4:11-cv-858-JMC, 2012 WL 2871746 (D.S.C. July 12, 2012). As this court has previously stated, the Second Amended Complaint alleges that SCDOE took actions through Turner, James, and Griffith from January 25, 2013 through May 9, 2013. (Dkt. No. 83 at 22-23, 26-29.) The Plaintiff did not file this action until July 6, 2016. The Plaintiff's claims under the Rehabilitation Act are barred by the one-year statute of limitations.

Therefore, this court recommends that the Motion to Dismiss the Second Amended Complaint on behalf of Alan Wilson, in his individual capacity and official capacity, as the Attorney General of the State of South Carolina, and on Behalf of the South Carolina Department of Education, Dru James, and Jim Griffith (Dkt. No. 91) be granted.

### 3. Motion to Dismiss Amended Complaint II by United Stated Attorney for the District of South Carolina

The United States Attorney for the District of South Carolina moves to dismiss the Plaintiff's claims against her because the Plaintiff has failed to state a claim against her, she is immune from suit, and the federal government and its officers may not be sued under 42 U.S.C. § 1983. (Dkt. No. 94-1.) The Second Amended Complaint contains 2 paragraphs of factual allegations against the United States Attorney. The Plaintiff alleges that on May 5, 2004, "the Defendant received a letter from Cassandra L. Cuffee, Human Resources Specialist" stating that

an application for employment had been received with the Department of Health and Human

Services for the position of Public Health Analyst. (Dkt. No. 83 at 32.) It is unclear how this

allegation relates to the United States Attorney or supports any claims against her. The second

allegation was that on May 8, 2015, the United States Attorney filed a Complaint ("the student

loan case") in this court to collect a federal student loan against the Plaintiff.[11] (Dkt. No. 82 at

32.) The Plaintiff alleges that the student loan case was initiated "to intentionally harass the

Plaintiff." (*Id.*) The Plaintiff appears to be attempting to bring a claim under 42 U.S.C. § 1983.

(*Id.* at 33.)

The Plaintiff filed a twenty page Response to the Motion to Dismiss filed by the United

States Attorney. (Dkt. No. 101.) The vast majority of the Response does not relate to his claims

against the United States Attorney at all. The Response contains pages of discussion on Title

VII, pre-employment screening tests, South Carolina statutes regarding the qualifications of

teachers, and actions allegedly taken by other Defendants in this case. (*Id.*)

The Plaintiff has failed to state a claim against the United States Attorney. The Plaintiff

has not alleged any cognizable claim. Rule 8 of the Federal Rules of Civil Procedure requires "a

short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8

"does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Plaintiff's sole allegation

---

[11] The student loan case was *U.S. v. Milford*, 2:15-cv-02009-RMG. The United States' Motion
for Summary Judgment was granted by the District Court on July 27, 2016, at docket entry 41.
*U.S. v. Milford*, 2:15-cv-02009-RMG (D.S.C. July 27, 2016). The Plaintiff appealed the
judgment to the Fourth Circuit, which affirmed the District Court. *United States v. Milford*, 673
F. App'x 331, 332 (4th Cir. 2017).

against the United States Attorney is that she filed a lawsuit to harass him. The Plaintiff has not

alleged anything more than "the-defendant-unlawfully-harmed-me." As noted in footnote 11,

the case referred to by the Plaintiff resulted in a judgment against him and has been upheld by

the Fourth Circuit. Even if this conclusory allegation somehow alleged a viable claim, "Section

1983 provides no relief against persons acting under color of federal law." *Thomas v. News

World Commc'ns*, 681 F. Supp. 55, 68 (D.D.C. 1988) (citing *Wheeldin v. Wheeler*, 373 U.S. 647,

652 (1963)). The student loan case was an action initiated by the United States to obtain a

judgment against the Plaintiff for his delinquent student loans. The Plaintiff cannot bring a §

1983 claim against the United States Attorney for filing the student loan case. This court

recommends that the United States Attorney's Motion to Dismiss (Dkt. No. 94) be granted.

### 103. Motion to Dismiss Plaintiff's Second Amended Complaint by Defendants Dr. Nancy McGinley, Dr. Gerrita Postlewait, Bobbie Grant, and Bill Briggman

Defendants Dr. Nancy McGinley, Dr. Gerrita Postlewait, Bobbie Grant, and Bill

Briggman are all current or former employees of the CCSD. The Plaintiff's claims against them

are substantially the same as his claims against Defendants Middleton and the CCSD. Dr. Nancy

McGinley was the former superintendent for the CCSD. (Dkt. No. 83 at 43.) Dr. Gerrita

Postlewait is the current superintendent for the CCSD.[12] (*Id.* at 45.) Defendants Bobbie Grant

and Bill Briggman worked for the CCSD in human resources. (*Id.* at 48, 52.)

The claims and allegations in the Second Amended Complaint against Defendants Dr.

Nancy McGinley, Dr. Gerrita Postlewait, Bobbie Grant, and Bill Briggman are essentially

identical. (Dkt. No. 83 at 43-54.) The Plaintiff alleges that on April 8, 2013, he was subjected to

---

[12] Dr. Postlewait became the Superintendent of the CCSD on July 9, 2015. *Dr. Gerrita Postlewait, Superintendent of Schools*, Charleston County School District, https://www.ccsdschools.com/about_us/administration/superintendent (last visited November 27, 2017).

an online pre-employment screening which was discriminatory based on "race and disability."

(*Id.*)  The Plaintiff does not allege any details of how he was discriminated against. The Plaintiff

repeats the allegations made against Defendant Middleton and the CCSD that he received an

email from Defendant Jim Turner on May 9, 2013, stating he was denied a teaching certificate

because of his criminal record. (*Id.*) The email stated that the Plaintiff could re-apply for a

teacher certification in one year. (*Id.*)  The Plaintiff alleges that he submitted an online

employment application on June 13, 2014 for a teaching position at Harborview Elementary

School. (*Id.*) On January 22, 2015, the Plaintiff received an email for Kathleen Magliacane, a

human resources representative for the CCSD, thanking the Plaintiff for his application and

inviting him to "a Teacher Recruitment Fair focusing on teachers holding certification in the

areas of Math, Science, Special Education, Spanish, and Media on Saturday February 28th….."

(*Id.*)  On February 4, 2015, the Plaintiff received an email from CCSD informing him that he was

no longer invited to the teacher recruitment fair because he did not hold a South Carolina teacher

certification. (*Id.*)  The Plaintiff alleges that a teaching certificate was not required to attend the

recruitment fair. (*Id..*)  The Plaintiff alleges the February 4, 2015 email was pretext for not hiring

him because of his race, age, and disability. (*Id.*)  The Plaintiff received an email on January 6,

2016, from the CCSD stating that CCSD "now uses" EPI as part of its application process and

that applicants must complete EPI for their applications to be considered. (*Id.*)

The Plaintiff never mentions any actions or omissions taken by Defendants Dr. Nancy

McGinley, Dr. Gerrita Postlewait, Bobbie Grant, and Bill Briggman in the Second Amended

Complaint. (Dkt. No. 83.)  The Plaintiff has failed to state any claim against Defendants Dr.

Nancy McGinley, Dr. Gerrita Postlewait, Bobbie Grant, and Bill Briggman. "The complaint

must provide enough specificity to 'give the defendant fair notice of what the plaintiff's claim

is.'" *Pringle v. City of Charleston Police Dep't*, No. 2:06-cv-3295-PMD, 2007 WL 295629, at *5 (D.S.C. Jan. 29, 2007) (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, (1993) (internal quotation omitted)). Failure to state any allegations against a defendant is not sufficient to "provide enough specificity to give the defendant fair notice."

To the extent the Plaintiff attempts to bring a claim against Defendants Dr. Nancy McGinley, Dr. Gerrita Postlewait, Bobbie Grant, and Bill Briggman under Title VII, the ADEA, or the ADA his claims fail as a matter of law. As discussed *supra* in the discussion of the claims against Defendant Middleton, Title VII, the ADEA, and the ADA do not permit claims against individuals that are not an employer. Defendants Dr. Nancy McGinley and Dr. Gerrita Postlewait are sued in their individual a capacities. (Dkt. No. 83 at 43, 45.) None of these individual Defendants were the Plaintiff's employer or potential employer. Therefore, the undersigned recommends that the Motion to Dismiss Plaintiff's Second Amended Complaint by Defendants Dr. Nancy McGinley, Dr. Gerrita Postlewait, Bobbie Grant, and Bill Briggman (Dkt. No. 103) be granted.

## Conclusion

Based on the forgoing, this court **RECOMMENDS** that the following four motions listed by docket number be **GRANTED**:

> 87. Motion to Dismiss Plaintiff's Second Amended Complaint by Defendants Alex Middleton and Charleston County School District;
>
> 91. Motion to Dismiss the Second Amended Complaint on behalf of Alan Wilson, in his individual capacity and official capacity, as the Attorney General of the State of South Carolina, and on Behalf of the South Carolina Department of Education, Dru James, and Jim Griffith;

94. Motion to Dismiss Amended Complaint II by the United States Attorney for the District of South Carolina;

103. Motion to Dismiss Plaintiff's Second Amended Complaint by Defendants Dr. Nancy McGinley, Dr. Gerrita Postlewait, Bobbie Grant, and Bill Briggman.

ITS IS SO RECOMMENDED.

November 30, 2017
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).