**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| EUGENE MILFORD, | ) | C.A. No.: 2:16-CV-2441-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEX MIDDLETON; CHARLESTON | ) | |
| COUNTY SCHOOL DISTRICT; SOUTH | ) | |
| CAROLINA DEPARTMENT OF EDUCATION; | ) | |
| KATHERINE MCLEAN RYAN; DRU JAMES; | ) | |
| JIM GRIFFITH; WALKER HEINITSCH | ) | |
| WILLCOX; UNITED STATES ATTORNEY OF | ) | |
| THE DEPARTMENT OF JUSTICE FOR THE | ) | |
| DISTRICT OF SOUTH CAROLINA, TERESA | ) | |
| A. KNOX, FORMER ASSISTANT DISTRICT | ) | REPORT & RECOMMENDATION |
| ATTORNEY FOR THE STATE OF SOUTH | ) | |
| CAROLINA; ALAN WILSON, ATTORNEY | ) | |
| GENERAL FOR THE STATE OF SOUTH | ) | |
| CAROLINA; SOUTH CAROLINA | ) | |
| DEPARTMENT OF REVENUE; SOUTH | ) | |
| CAROLINA BOARD OF EDUCATION; | ) | |
| JAMES TURNER; DR. NANCY MCGINLEY, | ) | |
| SUPERTINTENDENT CCSD; DR. GERRITA | ) | |
| POSTLEWAIT, SUPERTINTENDENT CCSD; | ) | |
| BOBBIE GRANT; BILL BRIGGMAN, CHIEF | ) | |
| HUMAN RESOURCE OFFICER CCSD; C. | ) | |
| AUSTIN HARRIS; HOLLY H. AGUILAR; | ) | |
| NOELLE REDD; PAMELA BROCK; | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, appearing *pro se*, has filed this action alleging causes of action under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), Title IX of the Education Amendments Act of 1972, Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 1983, and possibly other federal statutes. (Dkt. No. 83.) The Plaintiff is an African American male over 40 years of age. (Dkt. No. 83 at 1.) The Plaintiff's

1

claims are wide ranging. The Plaintiff's claims generally relate to his attempts to gain employment as a teacher with the Charleston County School District ("CCSD"). (*Id.*) The Plaintiff makes additional allegations regarding his attempts to receive a teaching certificate, his past criminal proceedings in South Carolina state court, and the collection of his student debt. (*Id.*) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The Plaintiff filed his original Complaint on July 6, 2016, and filed his first Amended Complaint on July 27, 2016. (Dkt. Nos. 1 & 8.) The Plaintiff paid the filing fee. (Dkt. No. 5.) The Plaintiff filed a Second Amended Complaint with leave of the court on May 24, 2017. (Dkt. No. 83.) Now before the court is the Motion for Summary Judgment filed by Defendants Ryan and Willcox. (Dkt. No. 114.) On August 12, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 115.) The Plaintiff filed his Response in Opposition on September 21, 2017. (Dkt. No. 133.) Defendants Ryan and Willcox filed a Reply on September 28, 2017. (Dkt. No. 136.) This court recommends that the Motion be granted.

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News*

*& Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id*. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). Conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. "To survive summary judgment, 'there must be evidence on which the jury could reasonably find for the [nonmovant].'" *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017) (quoting *Anderson*, 477 U.S. at 252).

A *pro se* complaint is entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so;

however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

## Allegations Against Defendants Ryan and Willcox

Defendants Ryan and Willcox are both private attorneys with the firm of Willcox, Buyck, & Williams in Florence, South Carolina. (Dkt. No. 83 at 3-4.) On May 14, 2015, Defendants Ryan and Willcox filed a Complaint Claim for a Debt on behalf of the United States of America against the Plaintiff to obtain a judgment for his student loan debt ("the student loan case"). *See United States v. Eugene Milford,* No. 2:15-cv-2009-RMG (D.S.C.). The United States' Motion for Summary Judgment was granted by the District Court on July 27, 2016, at docket entry 41. U.S. v. Milford, 2:15-cv-02009-RMG (D.S.C. July 27, 2016). The July 27, 2016 Order directed the Clerk of Court to enter a judgment against Plaintiff Milford on behalf of the United States in the amount of $107,796.42.[1] (*Id.*) The Plaintiff appealed the judgment to the Fourth Circuit, which affirmed the District Court. *United States v. Milford*, 673 F. App'x 331, 332 (4th Cir. 2017). Defendants Ryan and Willcox represented the United States thoughout the litigation.

The Plaintiff alleges that the student loan case was initiated by Defendants Ryan and Willcox to "intentionally harass" and retaliate against the Plaintiff for his participation in constitutionally protected activities. (Dkt. No. 83 at 24, 30.) The Plaintiff alleges that the actions

---

[1] The Plaintiff avers in his affidavit that "the Judgment and Order by Judge Gergel is not worth the paper that it is printed on." (Dkt. No. 133-1 at 14.)

of Defendants Ryan and Willcox deprived him of employment and aided and abetted the Charleston County School District in depriving him of employment. (*Id.* at 24-25, 30.)

In his sworn affidavit, the Plaintiff states that Defendant Ryan filed the motion for summary judgment in the student loan case two days before the Plaintiff resumed receiving "NYS WC payments and exactly 30 days ahead of the Plaintiff's scheduled testimony before NYS WCB Judge Barbara Colonder." (Dkt. No. 133-1 at 9.) The Plaintiff avers that:

> this is plausible evidence that Defendants [Ryan and Willcox] are colluding with the City of New York Law Department, Workers Compensation Division to intentionally harass and maliciously prosecute [the Plaintiff] based on racial disparities because [the Plaintiff] happens to be African-American [and] over 40 years old with an ongoing WC Case against the City of New York and [an] ongoing PCR against the Attorney General for the State of South Carolina.

(Dkt. No. 133-1 at 10.) The Plaintiff avers that on January 18, 2016, he requested that the "OCR…charge Katherine McLean Ryan and the Law Offices of Willcox Buyck & Williams with fraud, perjury, and defamation." (*Id.*)

The Plaintiff alleges that on February 9, 2017, Defendant Ryan "allowed her boss and client," Defendant Willcox, "to call the Plaintiff at 4:35 PM to intentionally harass the Plaintiff…." (Dkt. No. 83 at 25, 31.) The Plaintiff alleges that the purpose of the call was to "attempt to elicit a physical threat" from the Plaintiff. (*Id.*; Dkt. No. 133-1 at 15.)

The Plaintiff states in his sworn affidavit that he "discovered" an "undisclosed long standing 'attorney to client' nexus between the Charleston County School District and Law Offices of Willcox Buyck & Williams, P.A." (Dkt. No. 133-1 at 16.) The Plaintiff argues in his Response in Opposition that "Attorney Buyck" of the "Buyck Law Firm" has represented the Charleston County School District in the District Court for the District of South Carolina. (Dkt.

5

No. 133 at 11.) The Plaintiff argues that the "Buyck Law Firm is now known as the Law Offices of Willcox, Buyck, and Williams, P.A." (*Id.*)

In their Reply, Defendants Ryan and Willcox state that no "Attorney Buyck" with Willcox, Buyck, & Williams currently represents the Charleston County School District and has not done so in the past fifteen years. (Dkt. No. 136 at 2.) Defendants Ryan and Willcox state that their law firm has never been known as the Buyck Law Firm.[2] (*Id.*)

### Claims Asserted by Plaintiff

Defendants Ryan and Willcox seek summary judgment on all of the claims asserted against them. (Dkt. No. 114.) The Plaintiff argues that genuine issues of material fact exist on twelve distinct claims asserted against Defendant Ryan and thirteen distinct claims against Defendant Willcox. (Dkt. No. 133 at 2-7.) The Plaintiff argues he has presented sufficient facts to survive summary judgment on the following claims:

1. Title VII claims against Defendants Ryan and Willcox in their "Official Capacit[ies]" for aiding and abetting the CCSD, South Carolina Department of Education ("SCDOE"), the State Board of Education, and the Attorney General of South Carolina by filing the

---

[2] The court has searched the Electronic Case Files ("ECF") for the District of South Carolina and cannot find any instance of an attorney with the last name of Buyck associated with Willcox, Buyck, and Williams representing the Charleston County School District. However, the court did find attorney "Hugh Willcox Buyck" represented "American Home Assurance Company" in a case where the "Charleston County School District" was a separate party with separate representation. *See Eldeco, Inc. v. Skanska USA Bldg., Inc.,* 2:05-cv-2329-PMD (D.S.C). "Hugh Willcox Buyck" was an attorney with the "Buyck Law Firm, LLC" according to American Home Assurance Company's Motion for Summary Judgment located at docket entry 25. *Eldeco, Inc. v. Skanska USA Bldg., Inc.,* 2:05-cv-2329-PMD (D.S.C. Nov. 23, 2005). "Hugh Willcox Buyck" is now an attorney with Buyck, Sanders & Simmons, LLC in Mt. Pleasant, South Carolina. *Hugh W. Buyck*, https://www.scbar.org/lawyers/directory/profile/66462 (last visited November 30, 2017). "Hugh Willcox Buyck" is not professionally associated with Willcox, Buyck, & Williams.

6

student loan case. The Plaintiff argues that he was deprived by these many entities of a teacher certification and employment based on his race. (Dkt. No. 133 at 2-3.)

2. Title VII claims against Defendants Ryan and Willcox in their "Official Capacit[ies]" for filing the student loan case on an "uncollectable" debt to intentionally deprive the Plaintiff of his constitutional rights related to employment based on his race. (*Id*. at 3.)

3. Title VII claims against Defendants Ryan and Willcox in their "Official Capacit[ies]" for filing the student loan case to "intentionally harass" the Plaintiff based on his race and to retaliate against the Plaintiff for his "ongoing protected activities with the New York State Workers Compensation Board." (*Id.*)

4. ADEA claims against Defendants Ryan and Willcox in their "Official Capacit[ies]" for aiding and abetting the CCSD, the SCDOE, the State Board of Education, and the Attorney General of South Carolina by filing the student loan case. The Plaintiff argues that he was deprived by these entities of a teacher certification and employment based on his age. (*Id*. at 3-4.)

5. ADEA claims against Defendants Ryan and Willcox in their "Official Capacit[ies]" for filing the student loan case to intentionally deprive the Plaintiff of his constitutional rights related to employment and to deprive him of a teacher's certification based on his age. (*Id*. at 3.)

6. Title I and Title II ADA claims against Defendants Ryan and Willcox in their "Official Capacit[ies]" for aiding and abetting the CCSD, the SCDOE, the State Board of Education, and the Attorney General of South Carolina by filing the student loan case. The Plaintiff argues that he was deprived by these many entities of a teacher certification and employment based on his unspecified disability. (*Id*. at 4.)

7. Title I and Title II ADA claims against Defendants Ryan and Willcox in their "Official Capacit[ies]" for filing the student loan case to intentionally deprive the Plaintiff of his constitutional rights related to employment and to deprive him of a teacher's certification based on his unspecified disability. (*Id*. at 5.)

8. Violation of Section 504 of the Rehabilitation Act of 1973 by Defendants Ryan and Willcox for aiding and abetting the CCSD, South Carolina Department of Education ("SCDOE"), the State Board of Education, and the Attorney General of South Carolina by filing the student loan case. The Plaintiff argues that he was deprived by these many entities of a teacher certification and employment based on his unspecified disability. (*Id*. at 5.)

9. Violation of Section 504 of the Rehabilitation Act of 1973 by Defendants Ryan and Willcox in their individual and official capacities for filing the student loan case to intentionally deprive the Plaintiff of his rights to equal employment opportunities and a teaching certificate based on his unspecified disability. (*Id*. at 5-6.)

10. Section 1983 claims against Defendants Ryan and Willcox in their individual and official capacities for acting under color of state law while aiding and abetting the CCSD, the SCDOE, the State Board of Education, and the Attorney General of South Carolina by filing the student loan case. The Plaintiff argues that he was deprived by these entities of a teacher certification and employment. (*Id.* at 6.)

11. Section 1983 claims against Defendants Ryan and Willcox in their individual and official capacities for acting under color of state law and filing the student loan case to intentionally deprive the Plaintiff of his rights to equal employment opportunities and a teaching certificate. (*Id*. at 6-7.)

12. Section 1983 claims against Defendants Ryan and Willcox for acting under color of state law and filing the student loan case on an "uncollectable" debt as a pretext to harass the Plaintiff based on his race. (*Id.* at 7.)

13. Section 1983 claims against Defendant Willcox for calling the Plaintiff without permission on February 9, 2017, to intentionally harass the Plaintiff. (*Id.*)

## Analysis

All of the Plaintiff's claims against Defendants Ryan and Willcox arise out of their representation of the United States in the student loan case. "Generally, 'an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client.'" *Bartley v. Wells Fargo Bank, NA*, No. 3:14-cv-3814-CMC, 2015 WL 5158708, at *6 (D.S.C. Sept. 2, 2015) (quoting *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 509 (2006)). However, assuming the Plaintiff can overcome this general rule, each of his claims against Defendants Ryan and Willcox fail for multiple reasons.

**A. Title VII, ADEA, and ADA Claims**

As argued by Defendants Ryan and Willcox, the Plaintiff's claims under Title VII, the ADEA, and the ADA fail because: 1) Defendants Ryan and Willcox were not "employers" within the meaning of the requisite statutes; 2) actions under Title VII, the ADEA, and the ADA

8

are barred against individuals; and 3) the Plaintiff did not exhaust his administrative remedies under Title VII, the ADEA, and the ADA as to Defendants Ryan and Willcox.

Title VII, the ADEA, and the ADA allow for civil actions against "employers." The term "employer" is defined in Title VII as a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). The definition of "employer" in Title VII, the ADEA, and the ADA all mirror one another and may be analyzed together. *Stephens v. Kay Mgmt. Co.*, 907 F. Supp. 169, 172–73 (E.D. Va. 1995) (citing *U.S. Equal Employment Opportunity Commission v. AIC Security Investigations Ltd.*, 55 F.3d 1276, 1279–80 (7th Cir.1995)) ("The ADA's definition of 'employer' mirrors the definitions of 'employer' in Title VII of the Civil Rights Act of 1964 and in the Age Discrimination in Employment Act."); *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) ("The Title VII definition of employer must be read in the same fashion as the ADEA definition of employer.") To be liable under Title VII, the ADEA, or the ADA, a defendant must be an "employer." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 408 (4th Cir. 2015) ("An entity can be held liable in a Title VII action only if it is an 'employer' of the complainant."); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (*citing Stern v. California State Archives*, 982 F.Supp. 690, 692–94 (E.D.Cal.1997) (holding that individuals must qualify as "employers" to be liable under Title VII and the ADA.); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994) (holding that liability under the ADEA was restricted to those "employers" who employ twenty or more workers.).

There is no evidence in the record that Defendants Ryan and Willcox were the "employers" under Title VII, the ADEA, or the ADA. Defendants Ryan and Willcox filed suit

against the Plaintiff on behalf of the United States of America in their capacities as retained attorneys. There is no evidence the Plaintiff was ever employed by Defendants Ryan and Willcox or sought to be employed by Defendants Ryan and Willcox. Defendants Ryan and Willcox are individuals and do not meet the statutory definitions of "employer" under Title VII, the ADEA, or the ADA. Title VII, the ADEA, and the ADA do not allow actions against individuals who are not employers. Therefore, the Plaintiff may not bring suit against Defendants Ryan and Willcox under Title VII, the ADEA, or the ADA.[3]

Assuming *arguendo* that Title VII, the ADEA, and the ADA did allow actions against Defendants Ryan and Willcox, the Plaintiff failed to exhaust his administrative remedies against them. Before a plaintiff has standing to file suit under Title VII, the ADEA, and the ADA, he must exhaust his administrative remedies by filing a charge with the EEOC.[4] *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). The Fourth Circuit has characterized the exhaustion of administrative remedies in Title VII claims to be a jurisdictional requirement and subject to dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Agolli v. Office Depot, Inc.*, 548 F. App'x 871, 875 (4th Cir. 2013), *cert. denied*, 134 S. Ct. 1920 (2014) (citing

---

[3] The Plaintiff argues without any elaboration that Defendants Ryan and Willcox are liable under Title I and Title II of the ADA. (Dkt. No. 133 at 4.) The Fourth Circuit has held that only Title I of the ADA applies to employment cases. *Reyazuddin v. Montgomery Cty., Maryland*, 789 F.3d 407, 421 (4th Cir. 2015) (holding that the ADA's "prohibitions on discrimination against individuals with disabilities" is divided "into three parts, each with its own heading: Title I for employment, Title II for public services, and Title III for public accommodations" and that "Title II unambiguously does not provide a vehicle for public employment discrimination claims."). The Plaintiff has not alleged that Defendants Ryan and Willcox, who are attorneys in private practice, somehow violated Title II of the ADA.

[4] The exhaustion requirement with the EEOC extends to claims made under Title VII, the ADEA, and the ADA. *Merritt v. P. Kaufmann, Inc.,* No. 3:12-cv-1795-JFA, 2013 WL 1110816, at *1 (D.S.C. Mar. 18, 2013) (citing 42 U.S.C. § 2000e–5(f)(1) (Title VII); 42 U.S.C. § 12117(a)(ADA); 29 U.S.C. § 626(d) (ADEA)).

*Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013)). "If an individual fails to file an administrative charge with the EEOC within one hundred eighty (180) days after an alleged discriminatory act occurs (or three hundred (300) days if the aggrieved person presented the claim to a state deferral agency), then the EEOC charge is not considered timely filed." *Hentosh v. Old Dominion Univ.,* 767 F.3d 413, 417 (4th Cir. 2014) (citing 42 U.S.C. § 2000e–5(e)(1); *EEOC v. Commercial Office Products Co.,* 486 U.S. 107, 110 (1988)). In South Carolina, the state deferral agency is the South Carolina Human Affairs Commission ("SCHAC").

Filing a charge with the EEOC serves the functions of notifying the alleged offending party of the claims and allowing that party to voluntarily comply with Title VII in the proceeding before the EEOC. *Balas*, 711 F.3d at 407. The EEOC charge "serves a vital function in the process of remedying an unlawful employment practice." *Id.* The EEOC charge limits the scope of any subsequent Title VII lawsuit to only the allegations contained in the charge. *Id.* (citing *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir.1996)). EEOC charges must be read by courts with the "utmost liberality." *Id.* at 408 (internal citations and quotations omitted.) However, courts "are not at liberty to read into administrative charges allegations they do not contain." *Id.* "If the plaintiff's Title VII claims exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Id.* at 407 (internal citations and quotations omitted).

There is no evidence in the record that the Plaintiff ever filed an EEOC Charge against Defendants Ryan or Willcox. The Plaintiff argues that an EEOC Charge he filed on February 2, 2016, was sufficient to exhaust his administrative remedies against Defendants Ryan and Willcox. (Dkt. No. 133 at 12.) The Plaintiff appears to be referencing an intake questionnaire

form he sent to the EEOC dated February 2, 2016. (Dkt. No. 8-1 at 6-9.) The actual Charge was filed on March 30, 2016. (Dkt. 8-1 at 11.) The entity named in the Charge as discriminating against the Plaintiff was "South Carolina Dept of Education Charleston County School Di [sic]." (*Id.*) Defendants Ryan and Willcox were not mentioned anywhere in the Charge. Defendant Ryan was mentioned once in the intake questionnaire as having filed a civil complaint against the Plaintiff, but neither Defendant Ryan nor Willcox was named in the intake questionnaire as being the employer, union, employment agency, or other organization that discriminated against the Plaintiff. (Dkt. No. 8-1 at 6-9.) Additionally, the intake questionnaire was never signed. (*Id.*)

There is no evidence that Defendants Ryan and Willcox were ever notified by the EEOC of the Plaintiff's alleged "Charge" against them. There is no evidence that the Plaintiff ever filed a Charge of Discrimination against Defendants Ryan and Willcox. Therefore, this court concludes that the Plaintiff failed to exhaust his administrative remedies against Defendants Ryan and Willcox. This court recommends that the Motion for Summary Judgment be granted as to all claims brought against Defendants Ryan and Willcox under Title VII, the ADEA, and the ADA.

**B. Section 504 of the Rehabilitation Act Claims**

The Plaintiff has failed to state a claim against Defendants Ryan and Willcox under Section 504 of the Rehabilitation Act and any such claim would be barred by the statute of limitations. Section 504 provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The Plaintiff has not alleged or shown any evidence that Defendants Ryan and Willcox excluded, denied, or discriminated against the Plaintiff in any

way. Defendants Ryan and Willcox's sole interaction with the Plaintiff was prosecuting the student loan case on behalf of the United States Government. There is no evidence that Defendants Ryan and Willcox had any interactions with any of the other Defendants in this case or had any involvement with the Plaintiff's attempt to obtain a teaching certification or employment as a teacher. The Plaintiff has failed to state a claim against Defendants Ryan and Willcox under Section 504 of the Rehabilitation Act.

Assuming *arguendo* that the Plaintiff had alleged a viable claim under Section 504, the claim would be untimely. While the Rehabilitation Act does not contain a statute of limitations, "[t]he Fourth Circuit has held that claims brought under Section 504 of the Rehabilitation Act are governed by the limitations periods set forth in state laws prohibiting discrimination on the basis of disability." *Cockrell v. Lexington Cty. Sch. Dist. One*, No. 3:11-cv-2042-CMC, 2011 WL 5554811, at *11 (D.S.C. Nov. 15, 2011) (citing *Wolsky v. Med. Coll. of Hampton Roads*, 1 F.3d 222, 225 (4th Cir.1993)). District Courts in South Carolina have held that the one year statute of limitations found in the South Carolina Human Affairs Law, S.C.Code § 1-13-90(d)-(f), was applicable to the Rehabilitation Act. *See Cockrell v. Lexington Cty. Sch. Dist. One*, No. 3:11-cv-2042-CMC, 2011 WL 5554811, at *11 (D.S.C. Nov. 15, 2011); *Finch v. McCormick Corr. Inst.*, No. 4:11-cv-0858-JMC-TER, 2012 WL 2871665, at *2 (D.S.C. June 15, 2012), *report and recommendation adopted,* No. 4:11-cv-858-JMC, 2012 WL 2871746 (D.S.C. July 12, 2012).

Defendants Ryan and Willcox filed the student loan case on May 14, 2015, and Plaintiff Milford was served on May 25, 2015. *See United States v. Eugene Milford,* No. 2:15-cv-2009-RMG (D.S.C.). Over one year later, the Plaintiff filed the case at bar on July 6, 2016, and only sued Defendant Ryan. (Dkt. No. 1.) The Plaintiff added Defendant Willcox in the Amended Complaint filed on July 27, 2016. The Plaintiff failed to file this suit within one year of the

13

alleged "discriminatory" conduct of Defendants Ryan and Willcox. Any claims he attempts to assert under Section 504 of the Rehabilitation Act against Defendants Ryan and Willcox are barred by the statute of limitations. This court recommends that the Motion for Summary Judgment be granted as to all claims brought against Defendants Ryan and Willcox under Section 504 of the Rehabilitation Act.

**C. 42 U.S.C. §1983 Claims**

Defendants Ryan and Willcox argue that the Plaintiff failed to state a claim under § 1983. In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

The Plaintiff has not alleged or provided any evidence that Defendants Ryan and Willcox deprived him of any constitutional rights or acted under color of state law. The Plaintiff argues that Defendants Ryan and Willcox deprived him of employment opportunities and a teaching certificate and aided and abetted other Defendants in doing the same. (Dkt. No. 133 at 6-7.) The only actions taken by Defendants Ryan and Willcox were to file and litigate the student loan case. Defendants Ryan and Willcox represented the United States of America. Pursuant to the District Court's Order, Plaintiff Milford had a judgment entered against him, which was upheld by the Fourth Circuit. There is no evidence in the record that the actions of Defendants Ryan

and Willcox had any nexus with the Plaintiff's efforts to receive a teaching certification or become employed. There is no evidence in the record that Defendants Ryan and Willcox had any communications with the CCSD, the SCDOE, the State Board of Education, or the Attorney General. There is no evidence the Defendants Ryan and Willcox infringed on any of the Plaintiff's constitutional rights related to receiving a teacher's certification or his employment.

The Plaintiff argues that Defendants Ryan and Willcox filed the student loan case to harass the Plaintiff based on his race. (Dkt. No. 133 at 7.) There is no evidence to support the Plaintiff's claim. The student loan case was litigated and resulted in a judgment against the Plaintiff, which was upheld by the Fourth Circuit. There is no evidence that the Plaintiff's race, age, or any other factor had anything to do with his own failure to pay his student loan. The Plaintiff's allegations that filing the student loan case somehow violated his constitutional rights are no more than "unadorned allegations of wrongdoing" and fail to state any claim against Defendants Ryan and Willcox. *Francis v. Giacomelli*, 588 F.3d 186, 195-96 (4th Cir. 2009)

The Plaintiff alleges that Defendants Willcox violated his constitutional rights by calling him without permission and harassing him on February 9, 2017. (Dkt. No. 133 at 7.) The Plaintiff fails to state any claim in this allegation. The Plaintiff does not point to any right that a phone call violates. One phone call to the Plaintiff, who was suing Defendant Willcox *pro se*, does not rise to the level of a constitutional violation.

None of these actions infringed on the Plaintiff's constitutional rights.[5] Additionally, Defendants Ryan and Willcox represented the United States of America, not any state at any

---

[5] To the extent the Plaintiff attempts to make a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), a plaintiff must allege that a federal officer acted under federal law to deprive plaintiff of a constitutional right. The Plaintiff has

time. The "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). A private attorney representing state actors does not act under color of state law for § 1983 purposes. *Jenkins v. McDonald Patrick Poston Hemphill & Roper LLC, et al.,* No. 5:14-cv-04498-RMG-KDW at *3 (D.S.C. Feb. 5, 2015) *Rep't & Recommendation adopted*, No. 5:14-cv-04498-RMG-KDW at *3 (D.S.C. Mar. 3, 2015) (citing *Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005)). "Section 1983 provides no relief against persons acting under color of federal law." *Thomas v. News World Commc'ns*, 681 F. Supp. 55, 68 (D.D.C. 1988) (citing *Wheeldin v. Wheeler*, 373 U.S. 647, 652 (1963)). There is no evidence that Defendants Ryan and Willcox ever acted under color of state law. Therefore, this court recommends that the Motion for Summary Judgment be granted as to all claims brought against Defendants Ryan and Willcox under § 1983.

## Conclusion

Based on the forgoing, this court **RECOMMENDS** that the Motion for Summary Judgment filed by Defendants Ryan and Willcox. (Dkt. No. 114) be **GRANTED.**

ITS IS SO RECOMMENDED.

December 5, 2017
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

failed provide any evidence that Defendants Ryan and Willcox deprived him of a constitutional right.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).