# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| EUGENE MILFORD, | ) | C.A. No.: 2:16-CV-2441-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEX MIDDLETON; CHARLESTON COUNTY SCHOOL DISTRICT; SOUTH CAROLINA DEPARTMENT OF EDUCATION; KATHERINE MCLEAN RYAN; DRU JAMES; JIM GRIFFITH; WALKER HEINITSCH WILLCOX; UNITED STATES ATTORNEY OF THE DEPARTMENT OF JUSTICE FOR THE DISTRICT OF SOUTH CAROLINA, TERESA A. KNOX, FORMER ASSISTANT DISTRICT ATTORNEY FOR THE STATE OF SOUTH CAROLINA; ALAN WILSON, ATTORNEY GENERAL FOR THE STATE OF SOUTH CAROLINA; SOUTH CAROLINA DEPARTMENT OF REVENUE; SOUTH CAROLINA BOARD OF EDUCATION; JAMES TURNER; DR. NANCY MCGINLEY, SUPERTINTENDENT CCSD; DR. GERRITA POSTLEWAIT, SUPERTINTENDENT CCSD; BOBBIE GRANT; BILL BRIGGMAN, CHIEF HUMAN RESOURCE OFFICER CCSD; C. AUSTIN HARRIS; HOLLY H. AGUILAR; NOELLE REDD; PAMELA BROCK; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | REPORT & RECOMMENDATION |
| Defendants. | ) | |

The Plaintiff, appearing *pro se*, has filed this action alleging causes of action under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, Title IX of the Education Amendments Act of 1972, Americans with Disabilities Act of 1990, and 42 U.S.C. § 1983. (Dkt. No. 83.) The Plaintiff's claims are wide ranging. The Plaintiff's claims relate to his attempts to gain employment as a teacher with the Charleston County School

1

District ("CCSD"). (*Id.*) The Plaintiff makes additional allegations regarding his attempts to receive a teaching certificate, his past criminal proceedings in South Carolina state court, and the collection of his student debt. (*Id.*) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The Plaintiff filed his original Complaint on July 6, 2016, and filed his first Amended Complaint on July 27, 2016. (Dkt. Nos. 1 & 8.) The Plaintiff paid the filing fee. (Dkt. No. 5.) The Plaintiff filed a Second Amended Complaint with leave of the court on May 24, 2017. (Dkt. No. 83.) Now before the court are the following motions filed by the Plaintiff listed by docket number:

> 102. Plaintiff's Motion for Injunctive Relief for Malicious Prosecution and Obstruction of Justice by the Attorney General for the State of South Carolina and the State Board of Education
>
> 107. Motion to Vacate Guilty Plea Agreement Due to Malicious Prosecution, Coercion, Perjury, and Opposition to Justice pursuant to 42 U.S.C. § 1983.
>
> 108. Plaintiff's Motion for Relief from a Judgment and an Order Pursuant to Rule 60 of the FRCP against the United Stated Attorney for the District of South Carolina (*In his/her Individual and Official Capacity*), Katherine McLean Ryan (*In her Individual and Official Capacity*), and Walker Heinitsch Willcox (*In his Individual and Official Capacity*)

### **Plaintiff's Motions for Injunctive Relief (Dkt. Nos. 102 & 107)**

The Plaintiff's first two motions for injunctive relief are substantively the same.[1] The Plaintiff seeks to have "his illegal guilty plea agreement and conviction record of February 5,

---

[1] In the caption of docket entry 119, the Plaintiff titled his filing as a "Motion to Vacate Plea Agreement…." However, in the body of the filing, it appears the filing is meant to be a "Reply to the Response by the Defendants in Opposition to the Plaintiff's Motion to vacate Guilty Plea Agreement due to Malicious Prosecution, Coercion, Perjury, and Obstruction of Justice by the Attorney General of South Carolina, the South Carolina State Board of Education, and the South Carolina Department of Education." (Dkt. No. 119 at 1-2.) To the extent docket entry 119 is

2

1990,…vacated due to coercion, malicious prosecution, perjury, and obstruction of justice pursuant to 42 U.S.C. § 1983 and Motion for Injunctive Relief." (Dkt. No. 107 at 42; *see also* Dkt. No. 102 at 27 (seeking the same relief but only based on "coercion and malicious prosecution")). The Plaintiff seeks expungement of "all criminal records in the United States of America." (Dkt. No. 107 at 42; *see also* Dkt. No. 102 at 27 (seeking expungement of "all bogus criminal records in the State of South Carolina")). The Plaintiff seeks a permanent injunction "against future acts [of] retaliation, intentional harassment, and malicious prosecution against Plaintiff and his son moving forward in the Plaintiff's life." (Dkt. No. 107 at 43; *see also* Dkt. No. 102 at 27.) In docket entry 107, the Plaintiff requests "declaratory relief" by being awarded a teacher certification and "disgorgement relief." (Dkt. No. 107 at 43.)

All of the relief sought be the Plaintiff appears to be sought under 42 U.S.C. § 1983. (Dkt. Nos. 102 at 2; 107 at 3, 42.) In his Reply, the Plaintiff argues that his guilty plea "must be vacated as a [m]atter of [l]aw pursuant to 42 U.S.C. § 1983…." (Dkt. No. 119 at 2.) To the extent the Plaintiff is seeking preliminary injunctive relief pursuant to § 1983, this court recommends that his motion be denied.[2]

The court may only grant injunctive relief, after notice to the adverse party, under strict conditions. Fed.R.Civ.P. 65. A preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir.2001). A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely

---

meant to be a motion, it is wholly duplicative of docket entries 102 and 107, and this court recommends the motion be denied.

[2] To the extent the Plaintiff is seeking injunctive relief as damages after prevailing on his § 1983 claims, his motions are premature, and this court recommends that the motions be found to be moot. The Plaintiff has not yet prevailed on any of his claims.

to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 550 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n,* 575 F.3d 342, 346-47 (4th Cir.2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir.1977). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 550 U.S. at 22; *Real Truth*, 575 F.3d at 345-46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 550 U.S. at 20–22; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346-47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*).

The Plaintiff has not established the *Winter* factors. The Plaintiff has not shown that he is likely to succeed on the merits. The Plaintiff has not adequately shown that he will prevail and cause this court to overturn a guilty plea that occurred over twenty years ago in state court or to expunge "all criminal records in the United States of America." (Dkt. No. 107 at 42.) The Plaintiff has not shown any irreparable harm will occur if this court does not enter an injunction. Additionally, the injunction sought by the Plaintiff has some public consequence as he is asking a federal court to overturn a state court's criminal finding of guilt and to interfere with the workings of a state agency. The undersigned recommends that the Plaintiff's Motions for Injunctive Relief (Dkt. Nos. 102 and 107) be denied to the extent they seek a preliminary injunction and found to be moot to the extent they seek post-judgment injunctive relief.

### **Plaintiff's Motion for Relief from a Judgment and Order (Dkt. No. 108.)**

The Plaintiff's Motion seeks to have the district court reconsider its Order and Judgment in *U.S. v. Milford*, 2:15-cv-02009-RMG ("student loan case"). In the student loan case, the United States of America brought suit, through its retained attorneys Defendants Ryan and Willcox, against the Plaintiff to collect on an unpaid student loan. The United States' Motion for Summary Judgment was granted by the District Court on July 27, 2016, at docket entry 41. *U.S. v. Milford*, 2:15-cv-02009-RMG (D.S.C. July 27, 2016). The Plaintiff appealed the judgment to the Fourth Circuit, which affirmed the District Court. *United States v. Milford*, 673 F. App'x 331, 332 (4th Cir. 2017).

The Plaintiff's Motion argues that he in entitled to relief from the Order and Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. No. 113 at 3.) Rule 60(b) of the Federal Rules of Civil Procedure states the following:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In his Motion, the Plaintiff emphasized subsections (b)(3), (b)(4), and (b)(6)[3] by underlining them. (Dkt. No. 108 at 2.)

---

[3] To the extent the Plaintiff attempts to assert he is entitled to relief under Rule 60(b)(6), he has not presented any evidence or argument of "any other reason that justifies relief."

As an initial matter, the order of judgement in the student loan case is not "void" under Rule 60(b)(4). "An order is 'void' only if the court lacked personal or subject matter jurisdiction or acted contrary to due process of law." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (quoting *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005)). In the student loan case, the district court granted summary judgment against Plaintiff Milford and ordered the Clerk of Court to enter a judgment against him. Plaintiff Milford appealed the Order and Judgment to the Fourth Circuit, which upheld the Order and Judgment. *United States v. Milford*, 673 F. App'x 331, 332 (4th Cir. 2017). The Plaintiff has not presented any argument or evidence that the district court lacked jurisdiction or acted contrary to due process of law in the student loan case. This court concludes that the judgment in the student loan case is not void.

The Plaintiff has not provided any evidence or made any argument sufficient to show that the Order and Judgment in the student loan case were the result of fraud, misrepresentation, or misconduct warranting relief under Rule 60(b)(3).[4] To prevail on a Rule 60(b)(3) motion, a Plaintiff must establish the following three elements:

(1) the moving party must have a meritorious defense;

(2) the moving party must prove misconduct by clear and convincing evidence; and

(3) the misconduct prevented the moving party from fully presenting its case.

*Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994) (citing *Square Constr. Co. v. Washington Metro. Area Transit Auth.,* 657 F.2d 68, 71 (4th Cir.1981)). Once the Plaintiff has proven these

---

[4] Rule 60 requires litigants to file a motion under Rule 60(b) within one year following a final judgment. Fed.R.Civ.P. 60(c)(1). The Order and Judgment in the student loan case were filed on July 28, 2016. The Plaintiff mailed his Motion challenging the Order and Judgment (Dkt. No. 108) on July 27, 2017, and the Motion was filed by the Clerk of Court the following day.

three elements, "the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Square Constr. Co.,* 657 F.2d at 71.

The Plaintiff has not presented any evidence or argument that he has a meritorious defense in the student loan case. As noted by the district court in the student loan case, Plaintiff Milford "does not deny that he signed the note on which this suit is brought-nor does he deny receiving the money disbursed on the note. The Government's certificate of indebtedness, showing ownership of the note and showing that the note remains unpaid, is undisputed." *U.S. v. Milford*, 2:15-cv-02009-RMG * 4 (D.S.C. July 27, 2016). The Plaintiff has not presented any evidence to dispute these facts.

The Plaintiff has not presented clear and convincing evidence of any misconduct on behalf of the United States or its attorneys. The Plaintiff argues that the United States Attorney for the District of South Carolina had "criminal involvement" in the student loan case and "is analogous to a vehicle driver of a bank robbery (getaway-driver) who claims that he is innocent because he was not a party inside of the bank during the robbery." (Dkt. No. 113 at 16-17.) The Plaintiff makes unsupported and general arguments that Defendants Ryan and Willcox filed the student loan case for "retaliation, intentional harassment, malicious prosecution, collusion, obstruction of justice, and deprivation of the Plaintiff's guaranteed U.S. Constitutional Rights to Equal Employment Opportunities…." (Dkt. No. 117 at 18.) The Plaintiff argues that Defendants Ryan and Willcox were "motivated by racism" because they knew that the loan was "uncollectable and any money judgment would be unenforceable against the Plaintiff who is sue proof." (*Id.* at 19.)

7

The Plaintiff has not provided any evidence to support his claims that the student loan case was motivated by anything other than his failure to pay the debt he owed. The Plaintiff's bald allegations and inflammatory arguments do not approach clear and convincing evidence. The Plaintiff has failed to show any misconduct on the part of the United States or its attorneys in the student loan case. The Plaintiff was not prevented from fully presenting his case because of any misconduct. This court recommends that the Plaintiff's Motion for Relief from a Judgment and an Order Pursuant to Rule 60 (Dkt. No. 108.) be denied.

### Conclusion

Based on the forgoing, this court **RECOMMENDS** that the Plaintiff's Motions for injunctive relief (Dkt. Nos. 102 & 107) be **DENIED** to the extent they seek a preliminary junction and found to be **MOOT** to the extent they seek post-judgment relief. This court recommends that the Plaintiff's Motion for Relief from a Judgment and an Order Pursuant to Rule 60 (Dkt. No. 108.) be **DENIED**.

ITS IS SO RECOMMENDED.

December 8, 2017

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).