IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Eugene Milford, | Civil Action No. 2:16-2441-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Alex Middleton, *et al.*, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendations of the Magistrate Judge, recommending that Defendants Alex Middleton and Charleston County School District's motion to dismiss, Alan Wilson, Dru James, Jim Griffith, and the South Carolina Department of Education's motion to dismiss, Defendant the U.S. Attorney for the District of South Carolina's motion to dismiss, Defendants Nancy McGinley, Gerrita Postlewait, Bobbie Grant, and Bill Briggman's motion to dismiss, and Defendants Walker Willcox and Katherine Ryan's motion for summary judgment be granted, and on Defendant Pamela Brock, Teresa A Knox, Noelle Redd, the South Carolina Board of Education, the South Carolina Department of Revenue, and James Turner's motion to dismiss and Defendants Holly Aguilar and Austin Harris's motion to dismiss. For the reasons set forth below, the Court adopts the Report and Recommendations as the Orders of the Court and grants Defendants' motions to dismiss.

**I.   Background**

Plaintiff, proceeding *pro se*, has filed this action alleging causes of action under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), Title IX of the Education Amendments Act of 1972, the Americans with Disabilities Act of 1990

("ADA"), 42 U.S.C. § 1983, and possibly other federal statutes. (*See* Dkt. No. 83 (second amended complaint).) Plaintiff is an African-American male over 40 years of age. (*Id.* at 1.)

Plaintiff's claims appear to relate to his attempts to gain employment as a teacher with the Charleston County School District ("CCSD"). Plaintiff makes additional allegations regarding his attempts to receive a teaching certificate, his past criminal proceedings, and the collection action for his student loan debt. This action was commenced on July 6, 2016, and all twenty Defendants have now filed motions to dismiss or for summary judgment. The Magistrate Judge has issued Report and Recommendations regarding Defendants Alex Middleton and the CCSD's motion to dismiss, Defendants Alan Wilson, Dru James, Jim Griffith, and the South Carolina Department of Education's motion to dismiss, Defendant the United States Attorney for the District of South Carolina's motion to dismiss, and Defendants Nancy McGinley, Gerrita Postlewait, Bobbie Grant, and Bill Briggman's motion to dismiss (Dkt. No. 145); Defendants Walker Willcox and Katherine Ryan's motion for summary judgment (Dkt. No. 147); and Plaintiff's motion for injunctive relief, motion to vacate, and motion for relief from a judgment under Rule 60(b) of the Federal Rules of Civil Procedure (Dkt. No. 151). Plaintiff has filed objections to the Report and Recommendations. No Report and Recommendation has been entered regarding Defendants Pamela Brock, Teresa A Knox, Noelle Redd, the South Carolina Board of Education, the South Carolina Department of Revenue, and James Turner's motion to dismiss or Defendants Holly Aguilar and Austin Harris's motion to dismiss, but those motions have been fully briefed following the issuance of *Roseboro* orders to Plaintiff.

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

### B. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party pf N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-

moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### C. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do

not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

#### A. Motion to Dismiss by Alex Middleton and the Charleston County School District

Defendants Middleton and the CCSD move to dismiss the Second Amended Complaint based on Rule 8 of the Federal Rules of Civil Procedure, the statutes of limitations on various claims, and failure to state a claim under 42 U.S.C § 1983. (Dkt. No. 87.) Plaintiff does not specify what causes of action he brings against Defendants Middleton and the CCSD. The Magistrate Judge recounts Plaintiff's rambling allegations in detail, but the crux of the complaint as to these Defendants seems to be that Plaintiff applied online for a teaching position with the CCSD but was denied because he does not have a South Carolina teacher certification and, indeed, is ineligible for a certification because of his criminal record. Defendant Middleton is listed as the contact person on the CCSD's website for teacher recruitment. Plaintiff alleges he was denied employment in violation of laws prohibiting discrimination based on his age, race, sex, or disability.

The Magistrate Judge recommends granting the motion to dismiss because Plaintiff fails to allege any discriminatory acts related to his age, sex, or race, because Plaintiff does not allege that he has any specific disability, because Plaintiff does not allege that he ever held a South Carolina teacher certification, and because Plaintiff did not exhaust administrative remedies through the EEOC as required for ADEA and ADA claims. The Magistrate Judge also recommends § 1983 claims against the CCSD be dismissed because the CCSD is not a person for purposes of § 1983 and because Plaintiff does not allege the CCSD or Middleton commited any

conduct that deprived Plaintiff of "a right, privilege or immunity secured by the Constitution or laws of the United States." The Court agrees fully with the Magistrate Judge's recommendations.

**B.     Motion to Dismiss by Alan Wilson, the South Carolina Department of Education, Dru James, and Jim Griffith**

Defendants Wilson, James, Griffith, and the South Carolina Department of Education ("SCDOE") move to dismiss the Second Amended Complaint based on 1) Plaintiff's claims under 42 U.S.C. § 1983 are barred by the statute of limitations; 2) Plaintiff's claims under the Rehabilitation Act are barred by the applicable statute of limitations; 3) Plaintiff's claims under 42 U.S.C. § 1983 are barred by sovereign immunity and Eleventh Amendment immunity; 4) Plaintiff's ADA and ADEA claims are barred by the doctrines of sovereign immunity and Eleventh Amendment immunity; 5) Plaintiff's Title VII, ADEA, and ADA claims were not timely filed with the EEOC and are barred for failure to exhaust administrative remedies; and 6) Plaintiff has not pleaded facts sufficient to state a claim for relief.

Plaintiff's complaint against the SCDOE appears to be that when Plaintiff applied for a teacher certificate, SCDOE ran a fingerprint check, discovered Plaintiff's criminal background, and, after a hearing before the South Carolina Board of Education, denied the application. Defendants James and Griffith were members of the Board of Education. Plaintiff's complaint against Defendant Wilson, the South Carolina Attorney General, appears to relate to a 1992 PCR application and a second PCR application in 1993.

The Magistrate Judge recommends dismissing claims against Defendants James, Griffith, and Wilson because Title VII, ADEA, and ADA claims may be brought against individuals only if those individuals were the plaintiff's employer. Plaintiff does not allege that he was ever employed by James, Griffith, or Wilson. The Magistrate Judge recommends dismissing claims against Defendant the SCDOE for failure to exhaust administrative remedies, because Plaintiff did

not file a timely charge of discrimination with the EEOC. The Magistrate Judge recommends dismissing Plaintiff's § 1983 claims against James, Griffith, and Wilson as time barred (SCDOE is not a person for purposes of § 1983). Considered in the light most favorable to Plaintiff, Plaintiff's § 1983 claims accrued on May 9, 2013 and are subject to a three-year statute of limitations. The present action was filed on July 6, 2016. Finally, the Magistrate Judge recommends dismissing Rehabilitation Act claims because claims under that act are subject to the one-year statute of limitations in the South Carolina Human Affairs Law. *See Cockrell v. Lexington Cty. Sch. Dist. One*, No. 3:11-cv-2042-CMC, 2011 WL 5554811, at *11 (D.S.C. Nov. 15, 2011), and so Plaintiff's Rehabilitation Act claims are also time barred. The Court agrees fully with the Magistrate Judge's recommendations.

**C.     Motion to Dismiss by the United Stated Attorney for the District of South Carolina**

The United States Attorney for the District of South Carolina moves to dismiss the Plaintiff's claims against her for failure to state a claim against her and because of her immunity from suit. Plaintiff alleges that on May 8, 2015, the United States Attorney filed a complaint in this Court to collect a federal student loan against the Plaintiff. *See United States v. Milford*, Civ. No. 2:15-2009-RMG (D.S.C. July 27, 2016), *aff'd* 673 F. App'x 331 (4th Cir. 2017) ("the student loan case"). Plaintiff alleges that the student loan case was initiated "to intentionally harass the Plaintiff." Plaintiff, however, alleges no facts suggesting that the prosecution of the student loan case was motivated by any concern other than recovery of a delinquent debt. The Magistrate Judge recommends dismissing claims against the United States Attorney for failure to state a claim. The Court agrees fully with the Magistrate Judge's recommendation.

**D.     Motion to Dismiss by Defendants Nancy McGinley, Gerrita Postlewait, Bobbie Grant, and Bill Briggman**

Defendants Nancy McGinley, Gerrita Postlewait, Bobbie Grant, and Bill Briggman are all current or former employees of the CCSD. Dr. McGinley was the former superintendent for the CCSD. Dr. Postlewait is the current superintendent for the CCSD. Defendants Bobbie Grant and Bill Briggman worked for the CCSD in human resources.

Plaintiff's claims against them are substantially the same as his claims against Defendants Middleton and the CCSD. The Magistrate Judge recommends dismissal of Plaintiff's claims against these Defendants for the same reasons supporting dismissal of Plaintiff's claims against Defendant Middleton and for the additional reason that Plaintiff fails to allege any particular acts or omissions committed by these Defendants. The Court agrees fully with the Magistrate Judge's recommendation.

**E.     Motion for Summary Judgment by Walker Willcox and Katherine Ryan**

Defendants Walker Willcox and Katherine Ryan are private attorneys in Florence, South Carolina. They filed the student loan case on behalf of the United States; prosecution of that case was their only interaction with Plaintiff. Plaintiff's allegations against these Defendants are substantively identical to his claim against the United States Attorney. The Magistrate Judge recommends summary judgment for these Defendants because they are immune for liability to third persons arising from the performance of their professional activities as attorneys. The Court agrees fully with the Magistrate Judge's recommendation.

**F.     Motion to Dismiss by Defendants Pamela Brock, Teresa A Knox, Noelle Redd, the South Carolina Board of Education, the South Carolina Department of Revenue, and James Turner**

Defendants Redd and Turner were administrative assistants or coordinators with the SCDOE. Defendant Brock was an administrative assistant with the South Carolina Attorney

General's office. Plaintiff's claims against Defendants Redd, Turner, and the South Carolina Board of Education are substantively identical to his claims against Defendants Middleton and the CCSD and the Court dismisses the claims against Redd, Turner, and the Board of Education for the same reasons that it dismissed claims against Middleton and the CCSD. Plaintiff's claim against Brock apparently arises from nothing more than the fact that Brock signed for the summons Plaintiff served on the South Carolina Attorney General's office. Plaintiff does not allege any conduct by Brock that could support any claim for relief. The Court therefore dismisses Plaintiff's claims against Defendant Brock.

Defendant Knox was an attorney employed by the South Carolina Attorney General's office, and was, allegedly, the attorney for the state in Plaintiff's PCR proceedings. Plaintiff alleges she made false representations to the PCR court, and that she "maliciously" sent an affidavit of service to a correctional institution. Plaintiff's claims against Defendant Knox are barred by absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Court therefore dismisses Plaintiff's claims against Defendant Knox.

Plaintiff alleges the South Carolina Department of Revenue sent him a "non-filer notice" stating that he failed to file a sales use and use tax return, and later sent him a notice changing his sales tax filing frequency from monthly to yearly. How this would support a § 1983 or employment discrimination claim—or, indeed, any claim—against the Department of Revenue is obscure. The Court therefore dismisses claims against the South Carolina Department of Revenue.

The Court therefore grants the Motion to dismiss by Defendants Pamela Brock, Teresa A Knox, Noelle Redd, the South Carolina Board of Education, the South Carolina Department of Revenue, and James Turner.

### G. Defendants Holly Aguilar and Austin Harris's motion to dismiss

Defendants Aguilar and Harris are federal employees formerly assigned to the Savannah Local Office of the EEOC. Aguilar, sued in her official and individual capacities, was director of the Savannah Office of the EEOC. Harris, sued in his individual capacity, was an investigator for the EEOC. Plaintiff apparently sues them because the EEOC found the Plaintiff's charge of discrimination untimely. Federal officials acting under color of federal law, however, are not subject to suit under § 1983. Moreover, neither the ADA, the ADEA, Title VII, nor Title IX creates a private cause of action against the EEOC or its employees, if the EEOC is not the plaintiff's employer. *See, e.g., Adams v. EEOC*, 932 F. Supp. 660 (E.D. Pa. 1996). Those statutes only create rights of action against the allegedly discriminating employer. The Court therefore grants Defendants Aguilar and Harris's motion to dismiss.

### H. Plaintiff's motions to vacate and for injunctive relief

Plaintiff asks this Court to vacate his February 5, 1990 conviction in state court (which was pursuant to a guilty plea), to expunge his criminal record nationwide, to award Plaintiff a teacher certificate and "disgorgement relief," and to provide "a permanent injunction "against future acts [of] retaliation, intentional harassment, and malicious prosecution against Plaintiff and his son moving forward in the Plaintiff's life." Vacatur of criminal convictions is not an available remedy under § 1983. *Heck v. Humphrey*, 512 U.S. 447 (1994). This Court obviously has no authority to award South Carolina teacher certificates. Finally, any claim for injunctive relief against Defendants is mooted by the Court's judgment in favor of Defendants as to all claims.

The Court therefore adopts the Report and Recommendation of the Magistrate Judge (Dkt. No. 151) and denies Plaintiff's motions to vacate his 1990 criminal conviction and his motion for injunctive relief.

**I.   Plaintiff's Rule 60(b) motion for relief from the judgment in the student loan case**

Plaintiff moves under Rule 60(b) for reconsideration of the judgment in the student loan case, which was affirmed on appeal. *See Milford*, Civ. No. 2:15-2009-RMG. Plaintiff apparently moves for relief under subsections (b)(3), (b)(4), and (b)(6), as those are the headings he underlined when quoting Rule 60(b).

Rule 60(b)(3) applies to judgments obtained by fraud. To obtain relief under Rule 60(b)(3), a movant must have a meritorious defense. *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994). Plaintiff has not presented any evidence or argument that he has a meritorious defense in the student loan case. To the contrary, in the student loan case, Plaintiff did not deny that he signed the note on which the suit was brought, that he received the money disbursed on the note, or that he failed to repay the note as agreed.

Rule 60(b)(4) applies to judgments that are "void." "An order is void only if the court lacked personal or subject matter jurisdiction or acted contrary to due process of law." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). Plaintiff has not presented any evidence or argument that the Court lacked jurisdiction in the student loan case, or that it acted contrary to due process of law.

Rule 60(b)(6) is a savings clause that permits relief in extraordinary circumstances not encompassed by subsections (b)(1) to (b)(5) and not available on direct appeal. *See Aikens v. Ingram*, 652 F.3d 496, 500–01 (4th Cir. 2011). Plaintiff has not presented any evidence or argument suggesting that such extraordinary circumstances are present in the student loan case.

The Court therefore adopts the Report and Recommendation of the Magistrate Judge (Dkt. No. 151) and denies Plaintiff's motion for relief from the judgment in the student loan case.

### J. Plaintiff's Objections to the Report and Recommendations

Plaintiff filed 29 pages of objections to the Magistrate Judge's recommendation that claims against Alex Middleton, the CCSD, Alan Wilson, Dru James, Jim Griffith, the SCDOE, the U.S. Attorney, Nancy McGinley, Gerrita Postlewait, Bobbie Grant, and Bill Briggman be dismissed. (Dkt. No. 153.) Plaintiff's objections are factually incorrect or irrelevant to any dispositive issue in this matter. Plaintiff objects that the Magistrate Judge erroneously found that he was not qualified to participate in a Charleston County teacher recruitment job fair. The Magistrate Judge made no such finding and that factual issue is immaterial to the disposition of Plaintiff's claims. Plaintiff objects that the Magistrate Judge "failed" to make factual findings in his favor based on Plaintiff's conclusory allegations that he was denied employment as a schoolteacher because of prohibited discrimination and not because he has no teaching certificate and has a criminal conviction. Plaintiff objects that the Magistrate Judge should have recused herself because of "a bogus arrest charge by the Berekley County Sheriff Department." The Court is aware of no reason for the Magistrate Judge to recuse herself, and, regardless, the Court has reviewed the objected-to portions of the Report and Recommendation *de novo* and has found no legal or factual error. Plaintiff objects that the Magistrate Judge erred by finding his EEOC charge of discrimination was untimely and that he thus failed to exhaust EEOC remedies, when he did in fact file the present action within 90 days of receiving a right to sue letter from the EEOC. The record, however, clearly shows Plaintiff filed his EEOC charge on March 30, 2016, well more than 300 days after the violation he alleges occurred in May 2013. (*See* Dkt. Nos. 63-1, 63-2, 63-3.) Plaintiff objects that his § 1983 claims against CCSD, Middleton, James, Griffith, and Wilson in this case are timely because they should be equitably tolled for the period when the student loan case was on appeal. His claims against those state officials and the school district, however, have absolutely nothing to do with the federal student loan case.

Plaintiff also filed sixteen pages of objections to the Magistrate Judge's recommendation that summary judgment be granted for Defendants as to claims against Willcox and Ryan. (Dkt. No. 155.) He makes unsubstantiated accusations of collusion between lawyers seeking to collect a debt due the United States and the CCSD, because the student loan case was initiated 33 days before a Charleston County career fair and because the brother of an attorney at Willcox and Ryan's law firm purportedly represented the CCSD in an unrelated and unidentified § 1983 case at some unknown time. Plaintiff also objects that summary judgment is inappropriate because no discovery has occurred regarding claims against Willcox and Ryan. The Court agrees that Willcox and Ryan's motion could have been styled as a motion to dismiss, but a plaintiff who fails to state a claim is not entitled to discovery merely because the defendant styles a dispositive motion as a motion for summary judgment. Plaintiff makes baseless accusations of racial bias against the Magistrate Judge. Finally, Plaintiff repeats the objection that the Magistrate Judge should have recused herself. As stated above, the Court is aware of no reason for the Magistrate Judge to recuse herself, and, regardless, the Court has reviewed the objected-to portions of the Report and Recommendation *de novo* and has found no legal or factual error.

Finally, Plaintiff filed twenty-eight pages of objections to the Magistrate Judge's recommendation that Plaintiff's Rule 60(b) motion and his motion for injunctive relief be denied. (Dkt. Nos. 158, 159.) Plaintiff objects that the Magistrate Judge "intentionally and maliciously" waited to file a Report and Recommendation until the expiration of the statute of limitations for Plaintiff's claims "pursuant to § 1983 against the Attorney General of the State of South Carolina due to employment discrimination." The statute of limitations, however, lapsed before Plaintiff filed the present action. Plaintiff repeats his allegations against prosecutor Teresa Knox at great length, but he never addresses the dispositive issue of prosecutorial immunity. Plaintiff similarly

repeats his employment discrimination claims against Dru James and Jim Griffith without addressing the dispositive issue that those persons never employed Plaintiff. Plaintiff argues his § 1983 claims against Dru James are not time barred because they accrued on January 18, 2017 when Defendant James filed an affidavit in support of his motion to dismiss Plaintiff's § 1983 claims in this case. That objection is obviously without merit. Plaintiff's other objections are makeweight repetitions of Plaintiff's allegations against various Defendants and statements of disagreement with the Report and Recommendation.

**IV. Conclusion**

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendations of the Magistrate Judge (Dkt. Nos. 145, 147, 151). The Court **GRANTS** the following motions:

- Defendants Alex Middleton and Charleston County School District's motion to dismiss (Dkt. No. 87);

- Defendants Alan Wilson, Dru James, Jim Griffith, and the South Carolina Department of Education's motion to dismiss (Dkt. No. 91);

- Defendant the United States Attorney for the District of South Carolina's motion to dismiss (Dkt. No. 94);

- Defendants Nancy McGinley, Gerrita Postlewait, Bobbie Grant, and Bill Briggman's motion to dismiss (Dkt. No. 103);

- Defendants Walker Willcox and Katherine Ryan's motion for summary judgment (Dkt. No. 114);

- Defendants Pamela Brock, Teresa A Knox, Noelle Redd, the South Carolina Board of Education, the South Carolina Department of Revenue, and James Turner's motion to dismiss (Dkt. No. 124)

- Defendants Holly Aguilar and Austin Harris's motion to amend their motion to dismiss (Dkt. No. 144) and their motion to dismiss (Dkt. No. 140);

The Court **DENIES** the following motions:

- Plaintiff's motion for injunctive relief (Dkt. No. 102)

- Plaintiff's motion to vacate (Dkt. No. 107)

- Plaintiff's motion for relief from a judgment under Rule 60(b) of the Federal Rules of Civil Procedure (Dkt. No. 108).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 4, 2018
Charleston, South Carolina